**UNITED STATES of America, Appellee,**

v.

**Dominic TADDEO, Defendant–Appellant.**

**Nos. 1088, 1089, Dockets 92–1238, 92–1240.**

United States Court of Appeals, Second Circuit.

Argued March 2, 1993.

Decided March 5, 1993.

Christopher A. Buscaglia, Asst. U.S. Atty., Rochester, NY (Dennis C. Vacco, U.S. Atty. for the W.D.N.Y., Rochester, NY, on the brief), for appellee.

John A. Cirando, Syracuse, NY (Patrick J. Haber, Ivette C. Iza, D.J. & J.A. Cirando, Syracuse, NY, on the brief), for defendant-appellant.

Before: KEARSE and WINTER, Circuit Judges, and CARMAN, Judge *.

PER CURIAM:

Defendant Dominic Taddeo appeals from judgments entered in the United States District Court for the Western District of New York following his pleas of guilty before Michael A. Telesca, *Chief Judge*, convicting him of racketeering, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) (1988), and 18 U.S.C. § 2 (1988); RICO conspiracy, in violation of 18 U.S.C.

* Honorable Gregory W. Carman, of the United States Court of International Trade, sitting by designation.

§ 1962(d) (1988); possession of firearms by a felon, in violation of 18 U.S.C. § 922(g)(1) (1988); possession of unregistered firearms, in violation of 26 U.S.C. § 5861(d) (1988); and possession of machine guns, in violation of 18 U.S.C. § 922(*o* ) (1988). For the RICO offenses, Taddeo was sentenced principally to two concurrent 20–year terms of imprisonment, to be served consecutively to previously imposed sentences. For the weapons possession offenses, he was sentenced principally to three 48–month terms of imprisonment, to be served concurrently with each other and consecutively to the RICO sentences, and to be followed by a three-year term of supervised release. On appeal, Taddeo contends principally (1) that the district court violated Fed.R.Crim.P. 11 by failing to advise him of the maximum penalties for the RICO offenses before accepting his pleas of guilty to those offenses, and (2) that the district court should have allowed him to withdraw his pleas of guilty because it imposed consecutive sentences. For the reasons below, we affirm.

Rule 11(c)(1) of the Federal Rules of Criminal Procedure requires a district court to advise the defendant, among other warnings, of the "maximum possible penalty provided by law" before accepting a plea of guilty, and we have held that a failure by the court to give the defendant that advice requires vacation of the plea. *See United States v. Journet*, 544 F.2d 633, 636 (2d Cir.1976); *see generally United States v. Khan*, 869 F.2d 661, 662 (2d Cir.1989), *cert. denied*, 498 U.S. 1028, 111 S.Ct. 682, 112 L.Ed.2d 674 (1991). Rule 11(h), however, provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h).

In the present case, Taddeo pleaded guilty to the two RICO offenses and the three firearms offenses described above. Though the court advised Taddeo as to the maximum penalties associated with the firearms counts before taking his pleas of guilty on those counts, it did not advise him of the maximum penalties on the RICO counts before accepting his pleas to the RICO counts. Before ending the plea proceeding, however, the court recognized this omission and sought to remedy it:

THE COURT: ....

I don't believe, Mr. B[u]scaglia, you made it clear for the record what the maximum penalties were for Counts 1 and 2 of the original RICO indictment, 117T.

Would you spread that on the record just so the record is complete. As to Count 1 charging a violation of 18 United States Code Section 1962(c), what is the maximum provided by law?

MR. B[u]SCAGLIA [Assistant United States Attorney]: The maximum penalties are as follows: Count 1, your Honor, a twenty year term of incarceration. Give me just a moment, your Honor, with regard to the fine. A fifty thousand dollar fine.

THE COURT: As to Count 2?

MR. B[u]SCAGLIA: Again, the same maximums, your Honor: A twenty year term of incarceration, fifty thousand dollar fine or both.

THE COURT: I don't recall if that was in the original colloquy. I want that understood as part of the original colloquy.

Do you understand, Mr. Taddeo, those are the maximums that are provided for the RICO counts, Counts 1 and 2, which you already pled to, and in addition to the twenty year period of incarceration, a maximum fifty thousand dollar fine, there is a fifty dollar mandatory monetary assessment; do you understand that?

THE DEFENDANT: Yes.

THE COURT: Is there anything further anybody would like to state on the record?

MR. B[u]SCAGLIA: No, your Honor.

MR. BARR [Counsel for Taddeo]: No. Thank you, Judge.

(Transcript, January 24, 1992 ("Tr."), 34–35.)

We conclude that by neglecting to give the required information prior to accepting the pleas to the RICO counts, the district court failed to comply strictly with Rule 11(c), but that the omission was remedied

by the court's giving the required advice later during the plea hearing, determining that the defendant understood the maximum penalty to which his pleas of guilty exposed him, and giving him an opportunity to withdraw the pleas. Though when the court has only belatedly informed the defendant of the maximum penalties it would be preferable for the court thereafter to inquire expressly whether the defendant wishes to withdraw his plea, we view the court's final invitation for additional statements in the present case as having provided an adequate opportunity for Taddeo, who was represented by counsel, to withdraw his pleas to the RICO counts in light of the information he had just received. There was no suggestion, either at the hearing or at any time during the nearly three-month interval between entry of the pleas and sentencing, that Taddeo wished to withdraw his pleas. We conclude that, in all the circumstances, the court's failure to comply strictly with Rule 11(c) was harmless.

Taddeo's contention that the district court should have allowed him to withdraw his pleas of guilty because it imposed consecutive sentences is frivolous and disingenuous. In support of this argument, he states that "Judge Telesca, in this case, conditioned appellant's guilty pleas upon a concurrent sentence" (Taddeo brief on appeal at 12), a contention repeated at oral argument. This characterization is flatly contradicted by the record. Taddeo's attorney made a request that the district court impose the RICO sentences concurrently with sentences that had previously been imposed on Taddeo; the court responded that it "w[ould] take that matter under consideration." (Tr. 19.) That response was also reflected in later colloquy, when, after the government described the weapons charges, the court asked Taddeo if that description was correct, and Taddeo's attorney interrupted:

MR. BARR: Judge, if I may interrupt for just a moment.

We did also have a conference in reference to these charges and I have recommended to the Court that should the Court see fit, following receipt of the pre-sentence report, that the Court impose a concurrent sentence with the sentence that the Court intends to impose on April 15th.

I have told Mr. Taddeo that I've made such a recommendation, and while I have no commitment from the Court, I believe that is what the sentence will be.

THE COURT: Mr. Taddeo, I will tell you that we did have a conversation in chambers with your attorney and with the United States Attorney present.

Your attorney did make that request and I told him I would take it under serious advisement pending the receipt of the pre-sentence investigation, but no promise has been made.

Do you understand that?

THE DEFENDANT: Yes.

(Tr. 32–33.) Finally, just before accepting Taddeo's guilty pleas on the weapons charges, the court explicitly asked Taddeo whether he believed that anyone, including the court, had made any promises to him as to what his sentence would be.

THE COURT: Again, except for the discussion that you and I and your attorney just had about sentencing, has any one promised you as to what your sentence will be?

I certainly have made no promise to you as to what your sentence will be, have I?

THE DEFENDANT: No.

(Tr. 33–34.)

The court did not promise concurrent sentences, and the pleas were not conditional. We see no indication that the court considered any impermissible factors in imposing sentence, nor any other basis for concluding that its decision not to allow Taddeo to withdraw his guilty pleas was an abuse of discretion. *See United States v. Figueroa*, 757 F.2d 466, 475–76 (2d Cir.), *cert. denied*, 474 U.S. 840, 106 S.Ct. 122, 88 L.Ed.2d 100 (1985).

## CONCLUSION

We have considered all of Taddeo's arguments on this appeal and have found them

to be without merit. The judgment of conviction is affirmed.