Jose Atiliano **URENA–TORRES,**
Defendant–Petitioner,

v.

**UNITED STATES of America,**
Respondent.

No. 94–CR–0054.

United States District Court,
N.D. New York.

Feb. 26, 1996.

Jose Atiliano Urena–Torres, Fort Dix, New Jersey, pro se for defendant-petitioner.

Thomas J. Maroney, U.S. Attorney for the N.D.N.Y., Albany, New York, for respondent; Sara M. Lord, Asst. U.S. Atty., of counsel.

### MEMORANDUM DECISION AND ORDER

McAVOY, Chief Judge.

## I.  INTRODUCTION

The petitioner, Jose Atiliano Urena–Torres, moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, this Court denies the petitioner's motion.

## II.  FACTS

On May 2, 1994, the petitioner, a citizen of the Dominican Republic, pleaded guilty to re-entry after deportation, 8 U.S.C. § 1326(a)(1)(2), and re-entry after having committed an aggravated felony in violation, § 1326(b)(2).  The petitioner was sentenced on September 5, 1995 to a term of 70 months imprisonment, and upon release, supervised release for two years.  The petitioner is currently serving his sentence at the Federal Correctional Institution in Fort Dix, New Jersey.

The petitioner now moves to vacate, set aside or correct his sentence, arguing:  (1) that the district court violated Federal Rule of Criminal Procedure 11(c)(1) in accepting his plea;  and (2), that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the Constitution.

## III.  DISCUSSION

### A.  Standard For Relief Pursuant To 28 U.S.C. § 2255

The petitioner brings this motion pursuant to 28 U.S.C. § 2255 which provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the

United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The petitioner sets forth two claims for relief. First, the petitioner argues that the district court violated Rule 11(c) of the Federal Rules of Criminal Procedure ("Fed.R.Crim.P.") by not personally advising him of the maximum penalty he faced under 8 U.S.C. § 1326(b)(2) before accepting his plea. Second, the petitioner contends that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the Constitution because the petitioner's counsel incorrectly advised the petitioner that the maximum sentence he could receive would not be in excess of two years imprisonment. He further argues that the district court's failure to advise him of the maximum sentence before accepting his plea exacerbated his counsel's ineffectiveness. The court now considers the petitioner's claims.

### 1. *Rule 11(c)(1) Claim*

#### a. *Fails Under § 2255*

The Supreme Court has held, for purposes of determining whether a collateral attack under § 2255 could be predicated on a violation of Fed.R.Crim.P. 11, that a violation of Rule 11 "is neither constitutional nor jurisdictional," *United States v. Timmreck*, 441 U.S. 780, 783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979), and no reasonable claim can be made that such an error would result in a "complete miscarriage of justice" or in a proceeding " 'inconsistent with the rudimentary demands of fair procedure.' " *Timmreck*, 441 U.S. at 784, 99 S.Ct. at 2087, *citing, Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). Furthermore, collateral relief under § 2255 will not be available "when all that is shown is a failure to comply with the formal requirements of the Rule" (Rule 11). *Id.* at 785, 99 S.Ct. at 2088, *citing Hill v. United States*, 368 U.S. at 429, 82 S.Ct. at 471–72.

In the instant case, the petitioner alleges that the district court failed to comply with the formal requirements of Fed.R.Crim.P. 11(c)(1). However, even if the district court failed to adhere strictly to Rule 11(c)(1), the petitioner would not be entitled to collateral relief under § 2255. As noted above, the Supreme Court has clearly stated that a Rule 11 violation will not provide the basis for collateral relief under 28 U.S.C. § 2255. *Timmreck*, 441 U.S. at 784, 99 S.Ct. at 2087–88. On this basis alone, the court can deny the petitioner's Rule 11 claim. Notwithstanding the foregoing, the court will consider the merits of the petitioner's Rule 11 claim below.

#### b. *Fails on the Merits*

Rule 11(c) of the Fed.R.Crim.P. sets forth the information that the court must give a defendant before accepting a plea of guilty. It specifically provides:

> Advice to defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands the following: (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and **the maximum possible penalty provided by law.**

Fed.R.Crim.P. 11(c)(1) (emphasis added).

The petitioner claims the court violated Rule 11(c)(1) because the court did not personally inform him of the "maximum possible penalty provided by law" before the court accepted his guilty plea. However, the record suggests otherwise. At the petitioner's plea hearing on May 2, 1994, the following exchange took place in the presence of the petitioner:

> THE COURT: All right. Mr. Caruso (U.S. Attorney), will you please advise the defendant and the Court what the guidelines are?
>
> MR. CARUSO: The maximum penalty would be a fifteen year period of incarceration, a fine of $250,000, a maximum release term of five years and a $50 special assessment fee.

(P.H. 14).[1]

Later at the same plea hearing the following exchange took place:

THE COURT: All right. Mr. Urena, now that you've heard about the guidelines, do you still wish to plead guilty?

MR. URENA-TORRES: Yes.

THE COURT: Do you plead guilty to the charge of—

MR. URENA-TORRES: Yes.

(P.H. 18).

■ The Second Circuit follows a doctrine of strict compliance with respect to the specific provisions and requirements of Rule 11. *United States v. Journet*, 544 F.2d 633 (2d Cir.1976). In *Journet*, the Second Circuit held "that, as a minimum, before accepting a guilty plea each district judge must personally inform the defendant of each and every right and other matter set out in Rule 11." *Id.* at 636. First, the petitioner places significance on the fact that the prosecutor, at the judge's direction, rather than the judge informed the petitioner of the maximum penalty he faced. However, Rule 11 does not forbid this practice. *See United States v. Hekimain*, 975 F.2d 1098, 1100–01 (5th Cir.1992) (holding that a prosecutor's statements to the defendant at the plea colloquy informing defendant of maximum penalty faced, along with court's questioning and satisfaction defendant understood this information, adequately satisfied Rule 11(c)'s requirement that the court personally advise defendant of the maximum penalty); *United States v. Sanchez*, 650 F.2d 745, 748 (5th Cir.1981) (holding that courts do not have to apply Rule 11's requirement that the court

personally address defendant so rigidly and that the judge need not be "sole orator or lector," but must only involve himself personally in the inquiry).[2] Second, the petitioner places significance on the fact that the district court accepted his guilty plea prior to informing him of the maximum penalty he faced. As set forth above, the record of the plea hearing suggests otherwise.[3]

■ Even if the court failed to strictly comply with the requirements of Rule 11(c)(1), the petitioner's claim would fail under Rule 11(h), the harmless error provision incorporated into Rule 11. Rule 11(h) provides:

Any variance from the procedure required by this rule which does not affect substantial rights shall be disregarded.

Fed.R.Crim.P. 11(h).

In the instant case, even if the Court varied from strict adherence to the Rule 11 procedures when the judge directed the prosecutor to inform the petitioner of the maximum sentence he faced, the record clearly shows that such variances did not affect the substantial rights of the petitioner. The record clearly shows that the petitioner's rights were satisfied.

### 2. *Sixth Amendment: Ineffective Assistance of Counsel*

■ In the landmark case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court created a two-part test for determining whether a convicted defendant was represented by ineffective counsel. A convicted defendant alleging ineffectiveness must show

---

1. References refer to corresponding page numbers in the Stenographic Minutes of the Plea.

2. The Second Circuit has not directly addressed this issue, but their holdings implicitly subscribe to the view that strict compliance with Rule 11 is met even though the prosecutor, at the direction of the judge/court, rather than the judge informed the defendant of the maximum penalty faced. In *United States v. Saft*, 558 F.2d 1073 (2d Cir.1977), the fact that the district court instructed the clerk to read aloud pertinent counts of the indictment to defendant was found to be irrelevant for purposes of complying with Rule 11(c)(1). In *United States v. Taddeo*, 987 F.2d 139 (2d Cir.1993), the Second Circuit did not specifically consider this issue. However, by

failing to even bring issue to the fact that the prosecutor rather than the judge informed the defendant of the maximum penalty, the Second Circuit impliedly affirms the notion that it is of no consequence if the prosecutor, at the court's direction, informs the defendant of his maximum penalty for purposes of complying with Rule 11(c)(1).

3. The petitioner acknowledged his guilt at several points in the plea proceeding. The plea was not completed until after the petitioner was advised of the possible penalties (including the maximum potential penalty he faced), when the Court again asked the petitioner how he pled. (P.H. 18–22).

that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant so as to deprive the defendant of a fair trial. *Id.* at 687, 104 S.Ct. at 2064. The petitioner contends his then counsel, James P. Trainor, Esq., advised him that his maximum sentence would be two years for his illegal re-entry into the United States. The petitioner further claims his guilty plea was the result of trickery by Mr. Trainor, tantamount to coercion. Even assuming counsel's performance was deficient in failing to advise the petitioner correctly as to the maximum sentence faced, the petitioner was not prejudiced by counsel's failure in this respect. The petitioner was advised of the maximum sentence he faced at the plea hearing (P.H. 14) before entering his final plea (P.H. 18). Any failure by counsel was corrected at the plea hearing and did not prejudice the petitioner when he entered his plea of guilty.[4] Thus, the petitioner's ineffectiveness claim does not pass the *Strickland* test, and the petition must be denied.

## IV. CONCLUSION

The petitioner's claim based on a violation of Rule 11(c)(1) of the Federal Rules of Criminal Procedure cannot be brought under 28 U.S.C. § 2255. The Court holds that even if § 2255 relief were available to the petitioner, he has not demonstrated a violation of Rule 11(c)(1). Furthermore, any technical violation of Rule 11(c)(1) would not entitle the petitioner to relief under Rule 11(h)'s harmless error analysis. The petitioner's claim based on a violation of the Sixth Amendment for ineffective assistance of counsel fails because the petitioner has failed to demonstrate the requisite prejudice which is necessary to satisfy an ineffectiveness claim.

For the foregoing reasons, the Court DENIES the petitioner's motion to vacate, set aside or correct his sentence.

**IT IS SO ORDERED.**

---

4. Furthermore, the petitioner answered "Yes" (P.H. 15) when asked by the Court, "Mr. Urena, did you enter into the plea agreement freely and voluntarily." (P.H. 15). This tends to rebut the petitioner's assertion that he was tricked or coerced.