Jose Atiliano URENA–TORRES, Defendant–Petitioner,

v.

UNITED STATES of America.

No. 95–CV–801.

United States District Court, N.D. New York.

June 4, 1997.

Jose Atiliano Urena–Torres, Fort Dix, NJ, pro se.

Thomas J. Maroney, United States Attorney for the N.D.N.Y., Albany, NY, for United States; George A. Yanthis, Asst., U.S. Atty., of counsel.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

Pending before this Court is Defendant's Motion to Reargue or Reconsider the Court's Memorandum–Decision & Order of February 26, 1996. On May 2,1994, defendant, a citizen of the Dominican Republic, pleaded guilty to re-entry after deportation, 8 U.S.C. § 1326(a)(1), (2), and reentry after having committed an aggravated felony 8 U.S.C. § 1326(b)(2). On September 5, 1995, defendant was sentenced to a term of seventy months imprisonment, and upon release, supervised release for two years.

In a Decision dated February 26, 1996, this Court denied petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence either on the basis that (1) the Court violated Federal Rule of Criminal Procedure 11(c)(1) by accepting defendant's plea when defendant had not been advised by the Court of the maximum penalty he faced under 8 U.S.C. § 1326(b)(2) if he pleaded guilty, or (2) defendant had ineffective assistance of counsel as guaranteed by the Sixth Amendment insofar as his counsel incorrectly advised him that the maximum sentence he could receive would not be in excess of two years imprisonment.

On February 28, 1996, defendant filed the present application to have this Court reconsider his § 2255 claim. Defendant is currently serving his sentence at the Federal Correctional Institution in Fort Dix, New Jersey.

## II. DISCUSSION

Reconsideration of a prior decision is discretionary, and is generally compelled only by "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *See Virgin Atlantic Airways Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.), *cert denied*, 506 U.S. 820, 113 S.Ct. 67, 121 L.Ed.2d 34 (1992) (citation omitted). Here, defendant premises his motion on the third factor, clear error and manifest injustice. As grounds for his motion defendant contends that (1) the Court's denial of his Rule 11 claim was contrary to prior Second Circuit holdings; and (2) his counsel's failure to advise him of the

correct statutory maximum penalty constituted ineffective assistance in violation of the Sixth Amendment.

### A. Rule 11 Claim

Before accepting a defendant's guilty plea, a Court must comply with Fed.R.Crim.P. 11(c), which states:

Before accepting a plea of guilty or nolo contendre, the court must address the defendant personally in open court and inform him of, and determine that he understands the following: (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.

The defendant contends that the Court incorrectly denied his § 2255 motion when the Court accepted his guilty plea at his May 2, 1994 plea hearing because the Court had an Assistant United States Attorney advise him of the maximum penalty he faced rather than the Court itself informing him of the same. The defendant claims this failute by the Court violates Fed. R.Crim. P. 11, and thus mandates granting defendant's § 2255 motion.

With respect to Rule 11 requirements, defendant correctly asserts that the Second Circuit adheres to a doctrine of strict compliance. *See United States v. Journet,* 544 F.2d 633 (2d Cir.1976). The defendant's position seems to be that "strict compliance" equates to literal adherence to the letter of Fed. R.Crim.P. Rule 11. As will be shown below, the cases do not require such an interpretation. Thus, the Court properly denied defendant's § 2255 claim under the law of this jurisdiction.

As an initial matter, Rule 11 itself specifically states that "any variance from the procedure required by this rule which does not affect *substantial* rights shall be disregarded." (emphasis added). Thus, by its very terms, Rule 11 requires less than literal adherence to each word stated therein. In the instant case, defendant was informed of the maximum penalty he faced. This occurred at the hearing, in open court, and on the record. Moreover, the defendant informed the Court that he understood what he was told. The fact that he was advised by the Assistant United States Attorney rather than the Court, did not affect his substantive rights. What is important, and in this Court's view "substantial" for the purposes of Fed.R.Crim.P. 11, is that the defendant expressly was advised of the maximum penalty at the May 2, 1996 hearing, not that a particular personage so advised him. Accordingly, defendant is not entitled to collateral relief under § 2255 since "all that is shown is a failure to comply with *formal* requirements of the Rule." *See United States v. Timmreck,* 441 U.S. 780, 785, 99 S.Ct. 2085, 2088, 60 L.Ed.2d 634 (1979) (emphasis added), *citing Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).

The Second Circuit has not directly addressed the precise issue of whether Rule 11 is satisfied when the prosecutor informs the defendant of the maximum penalty rather than the judge. However, as suggested above, the Rule itself does not forbid this practice. Indeed, the Court in *United States v. Taddeo,* 987 F.2d 139 (2d Cir.1993), implied that this practice is of no consequence when it failed to even mention the issue, though present, during a defendant's appeal based on a court's failure to strictly apply Rule 11. *See also United States v. Saft,* 558 F.2d 1073 (2d Cir.1977). The Court concludes that the purpose of Rule 11 has been served here since the defendant, though through the Assistant United States Attorney, unequivocally was advised of the maximum penalty he faced. *See Timmreck,* 441 U.S. at 783, 99 S.Ct. at 2087; *United States v. Hekimain,* 975 F.2d 1098, 1100–01 (5th Cir.1992); *see also United States v. Sanchez* 650 F.2d 745, 748 (5th Cir.1981) (holding Rule 11 does not require the judge to be the "sole orator" in a proceeding, but only that he personally involve himself in the inquiry).

Secondly, none of the cases defendant cites entitle him to relief, because each addresses issues that are not raised herein or are not analogous to the facts of his case. *See e.g., United States v. Showerman,* 68 F.3d 1524 (2d Cir.1995) (failing to advise defendant at plea hearing of a restitution penalty was not harmless error). Moreover, defendant's reli-

ance on *United States v. Lora,* 895 F.2d 878 (2d Cir.1990), is particularly misplaced. In *Lora,* the Court determined defendant had no basis for relief on the ground that the record demonstrated that he understood the charges against him. The case did not involve whether the defendant was in formed of his maximum sentence, nor by whom.

Based on the foregoing, the defendant's motion must be denied insofar as it seeks relief for a violation of Fed.R.Crim.P. 11.

### B. Sixth Amendment Claim

█ To show ineffective assistance of counsel, defendant must show: (1) counsel's performance was deficient; and (2) the deficient performance so prejudiced the defendant as to deprive him of a fair trial. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Here, defendant has not shown sufficient prejudice on the basis of ineffective assistance of counsel to warrant reconsideration of his § 2255 claim. Neither the record, nor defendant himself, offer any evidence to substantiate this contention. Pointedly, the facts indicate that defendant was informed of all charges and penalties prior to entering a guilty plea at his May 2, 1996 hearing. Thus, even if defendant's counsel incorrectly informed defendant of the maximum penalty, defendant cannot show that he was prejudiced because any error was corrected in Court and on the record when the Assistant United States Attorney correctly apprised him of the penalty prior to his guilty plea.

### III. CONCLUSION

To recapitulate, defendant has failed to show either clear error or manifest injustice. Under Rule 11(h) any procedural errors alleged by defendant were technical in nature and did not affect defendant's substantive rights. Additionally, defendant has not shown the requisite prejudice necessary to support a Sixth Amendment claim. For these reasons, the Court DENIES defendant's motion for reconsideration.

**IT IS SO ORDERED.**