United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**August 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41094
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN TREVINO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-1264-1

Before GARWOOD, DEMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Following a bench trial, Steven Trevino was convicted of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). He argues on appeal that the evidence admitted at his trial was insufficient to support a finding that the interstate commerce nexus, *as described in his indictment*, was met. His indictment reads, in pertinent part, that Trevino "possess[ed]

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

firearms which had previously been shipped and transported in interstate commerce." He argues that this language requires a showing that he contemporaneously possessed firearms in interstate or foreign commerce. We disagree.

Section 922 "prohibits certain people 'from receiving, possessing or transporting firearms in interstate or foreign commerce or firearms which have been shipped or transported in interstate or foreign commerce.'" *United States v. Shelton*, 937 F.2d 140, 142 (5th Cir. 1991) (quoting *United States v. Perez*, No. 90-8177 (5th Cir. Sept. 27, 1990)). In enacting section 922(g), we have held that Congress intended to describe broadly the nexus between commerce and the prohibited possession of a firearm by a felon. *Id.* at 143; *United States v. Fitzhugh*, 984 F.2d 145, 146 (5th Cir. 1993) ("[A] convicted felon's possession of a firearm having a past connection to interstate commerce violates § 922(g)(1)."). Accordingly, we have previously rejected efforts to so parse the language of section 922(g) as to differentiate among the activities that it prohibits in terms of "different levels of involvement in interstate commerce." *Shelton*, 937 F.3d at 145. And we similarly reject Trevino's attempt to distinguish between possessing a firearm "in commerce," and possessing a firearm "affecting commerce." Evidence that a firearm has traveled interstate at some point in the past is thus sufficient to support a conviction under 18 U.S.C. § 922(g), even if the defendant

2

possessed the firearm entirely intrastate. *United States v. Cavazos*, 288 F.3d 706, 712 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 253 (2002). We therefore conclude, after reviewing the record, that the evidence adduced at Trevino's trial was sufficient to support his conviction under the terms of his indictment. The judgment of the district court is

AFFIRMED.