**UNITED STATES of America, Appellee,**

v.

**Turenne A. RENAUD, Defendant–Appellant.**

No. 1640, Docket 93–1135.

United States Court of Appeals, Second Circuit.

Argued June 16, 1993.

Decided July 19, 1993.

Scott A. Schumacher, Atty., Tax Div. U.S. Dept. of Justice, Washington, DC (Michael L. Paup, Acting Asst. Atty. Gen., Robert E. Lindsay, Alan Hechtkopf, Attys., Tax Div., U.S. Dept. of Justice, Washington, DC, Roger S. Hayes, U.S. Atty., S.D.N.Y., New York City, on the brief), for appellee.

Abraham L. Clott, New York City (The Legal Aid Society, Federal Defender Services Unit, on the brief), for defendant-appellant.

Before: KEARSE, PRATT, and MINER, Circuit Judges.

KEARSE, Circuit Judge:

Defendant Turenne A. Renaud appeals from a judgment of the United States District Court for the Southern District of New York, Shirley Wohl Kram, *Judge,* convicting him of making and presenting false and fictitious claims to the Internal Revenue Service, in violation of 18 U.S.C. § 287 (1988). Renaud was ordered principally to pay restitution of $249,178.66 and to serve a term of 18 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, he contends chiefly that during his plea hearing the district court incorrectly advised him that he was subject to a maximum supervised-release term of one year and that he is therefore entitled to be resentenced in accordance with the court's erroneous representation. We disagree and affirm the judgment.

## I. BACKGROUND

In April 1992, Renaud was arrested and charged with filing false and fictitious claims for income tax refunds for the years 1987–1991, and with having received refunds to which he was not entitled for each of those years except the last. In July 1992, in satisfaction of all of these charges, he pleaded guilty to one count of filing a fictitious income tax return for the year 1991, in violation of 18 U.S.C. § 287. The plea agreement

entered into by Renaud and the government, and apparently prepared by the government, stated that the maximum supervised-release term applicable to Renaud's offense was one year; the agreement also stated that Renaud "underst[ood] that the sentence to be imposed upon him w[ould] be determined solely by the sentencing Court."

At the plea allocution, the court sought to inform Renaud of the maximum punishment to which he could be sentenced, and stated in part as follows:

> THE COURT: I want you to understand that the offense to which you are pleading carries a maximum sentence of five years imprisonment, a maximum fine of twice the gross gain or twice the gross loss to the government, *a maximum supervised release term of one year,* and a mandatory $50 special assessment.
>
> THE DEFENDANT: Yes. I understand.

(Hearing Transcript, July 24, 1992, at 7 (emphasis added).) Not surprisingly, in light of the plea agreement, neither counsel for Renaud nor the government took issue with the court's statement of the maximum supervised-release term. In fact, however, for the offense to which Renaud pleaded guilty, 18 U.S.C. § 3583(b)(2) (1988) provided for a maximum supervised-release term of three years.

The presentence report ("PSR") prepared thereafter calculated Renaud's offense level under the federal Sentencing Guidelines ("Guidelines") as 15 and his criminal history category as I, for which the Guidelines' prescribed range of imprisonment was 18–24 months. The PSR also stated correctly that the maximum term of supervised release permitted by § 3583(b)(2) was three years and that, in connection with imprisonment longer than one year for Renaud's offense, Guidelines § 5D1.2(b)(2) required a supervised-release term "of at least two years but not more than three years."

The PSR was furnished to Renaud and his attorney prior to sentencing, and at the sentencing hearing in January 1993, both acknowledged to the court that they had read and discussed the PSR. Though Renaud's attorney, both in a prehearing letter to the

court and orally at the hearing, expressed objections to the PSR, the stated objections did not mention the maximum length of the supervised-release term or the discrepancy between the three-year period stated by the PSR and the one-year term earlier stated by the court. After resolving the disputes presented to it, the court sentenced Renaud as indicated above, including the three-year term of supervised release.

In February 1993, Renaud was resentenced because he had not been given an opportunity to address the court at the January sentencing. Both Renaud and his attorney assured the court that they had read and discussed the PSR. After giving Renaud an opportunity to speak, the court proceeded to impose essentially the same term of imprisonment, amount of restitution, and term of supervised release. Again, there was no objection to the three-year supervised-release term, nor any mention of the discrepancy between the term imposed and the court's representation at the plea hearing. At no point did Renaud express a desire to withdraw his plea of guilty.

This appeal followed.

## II. DISCUSSION

On appeal, Renaud contends that because the district court erred at the plea hearing in stating that the maximum term of supervised release he could receive was one year, the court's imposition of a three-year term must be vacated and the matter remanded with instructions to reduce the supervised-release term to one year. Because Renaud has made clear, however, both in his brief on appeal and at oral argument in response to a question from the Court, that he does not want to withdraw his plea of guilty, we affirm the judgment on the ground that the court's error at the plea hearing was harmless.

■ Rule 11 of the Federal Rules of Criminal Procedure states in part as follows:

(c) **Advice to Defendant.** *Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of,* and determine that the defendant understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, *and the maximum possible penalty provided by law, including the effect of any* special parole or *supervised release term,* the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances, and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense....

Fed.R.Crim.P. 11(c)(1) (italics added). This Rule is designed to ensure that a defendant's plea of guilty is " 'a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " *Kelleher v. Henderson,* 531 F.2d 78, 81 (2d Cir.1976) (quoting *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970)). Thus, we generally require sentencing courts to adhere strictly to the specific provisions of Rule 11. *See, e.g., United States v. Rossillo,* 853 F.2d 1062, 1065–66 (2d Cir.1988); *United States v. Gonzalez,* 820 F.2d 575, 578 (2d Cir.1987) (per curiam); *United States v. Journet,* 544 F.2d 633, 636 (2d Cir.1976). "[A]s a minimum, before accepting a guilty plea each district judge must personally inform the defendant of each and every right and other matter set out in Rule 11." *Id.* In *Journet,* decided in 1976, we stated that if the requirements of Rule 11 have not been met, "the plea must be treated as a nullity." 544 F.2d at 636.

In 1983, Rule 11 was amended to provide that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h). This section was added "to make clear that guilty pleas 'should not be overturned, even on direct appeal, when there has been a minor and technical violation of Rule 11 which amounts to harmless error.' " *United States v. Ferrara,* 954 F.2d 103, 106 (2d Cir.1992) (quoting 1983 Advisory Committee Note to Fed.R.Crim.P. 11). It was intended to cover such minor errors as a modest understatement of the maximum penalty, where the penalty actually imposed did not exceed the maximum as

erroneously represented by the court. *See* Fed.R.Crim.P. 11 (1983 Advisory Committee Note); *see also United States v. Saenz,* 969 F.2d 294, 296–98 (7th Cir.1992) (failure to advise of minimum eight-year supervised-release term held harmless error in light of advice that defendant could receive a supervised-release term of up to life); *United States v. Taddeo,* 987 F.2d 139 (2d Cir.) (per curiam) (error in explaining maximum penalty harmless where corrected in time to allow withdrawal of plea), *cert. denied,* —— U.S. ——, 113 S.Ct. 2451, 124 L.Ed.2d 667 (1993).

■ We would ordinarily not consider an understatement of the supervised-release maximum, combined with the sentencing of the defendant to a supervised-release term longer than that of which he was advised, to be an error that is harmless. *See also United States v. Bachynsky,* 934 F.2d 1349, 1360 (5th Cir.) (en banc) (per curiam) (failure to mention supervised release held harmless error where total imprisonment plus supervised release to which defendant was sentenced was less than maximum term of imprisonment of which he had been advised), *cert. denied,* —— U.S. ——, 112 S.Ct. 402, 116 L.Ed.2d 351 (1991); *United States v. Barry,* 895 F.2d 702, 704–05 (10th Cir.) (same), *cert. denied,* 496 U.S. 939, 110 S.Ct. 3222, 110 L.Ed.2d 669 (1990). In such circumstances, if the defendant wished to withdraw the plea of guilty upon learning of the correct maximum, or at least upon learning that the maximum was longer than the court had previously advised him, the district court should give him the opportunity to do so. *See United States v. Taddeo,* 987 F.2d at 140–41 ("when the court has only belatedly informed the defendant of the maximum penalties it would be preferable for the court thereafter to inquire expressly whether the defendant wishes to withdraw his plea. . . ."). Absent such an opportunity, we would likely vacate the sentence to allow the defendant to withdraw the plea.

■ The error in the present case is harmless because Renaud wants to adhere to his plea. Upon learning from the PSR that the maximum supervised-release term was three years, rather than one as previously stated by the district court, Renaud made no protest and did not seek to withdraw his plea of guilty. Thereafter, neither in January 1993 when the court first sentenced him to the three-year supervised-release term, nor in February 1993 when the court imposed the same term upon resentencing, did Renaud seek to withdraw his plea. Finally, on this appeal, Renaud has explicitly confirmed that he does not wish to withdraw his plea of guilty. Hence it cannot be said that the district court's error in stating the maximum supervised-release term had any effect whatever on Renaud's decision to plead guilty.

■ We reject Renaud's contention that, instead of allowing him an opportunity to withdraw his plea, we should order the district court to sentence him to a one-year period of supervised release. In effect Renaud seeks relief akin to specific performance of a contract. *Cf. Mabry v. Johnson,* 467 U.S. 504, 509, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984) (breach of plea agreement by prosecution may entitle defendant, who pleaded guilty in reliance on prosecutor's promise, to specific performance); *Santobello v. New York,* 404 U.S. 257, 262–63, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971) (same). This request is inapt. The district court does not bargain for a defendant's plea; and that plea and the district court's Rule 11 advice do not constitute a contract. Nor is the court estopped from applying the law correctly. When an error in giving the information required by Rule 11 has been made, it is to be corrected by giving the defendant an opportunity to enter a new plea on the basis of correct information. When the defendant wishes, upon receiving complete and accurate information, to adhere to his original plea, the Rule's goal of ensuring that the plea of guilty was a voluntary and intelligent choice among alternatives has been achieved, no substantial right of the defendant has been affected, and the error must be deemed harmless.

## CONCLUSION

We have considered all of Renaud's arguments on this appeal and have found them to

be without merit. The judgment of conviction is affirmed.