**Richard MASONE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. CV99–1956.

United States District Court, E.D. New York.

July 10, 2000.

Richard Masone, West Babylon, NY, pro se.

Loretta E. Lynch, United States Attorney, Brooklyn, NY by Tanya Y. Hill, for respondent.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Petitioner Richard Masone ("Masone") moves for an order pursuant to 28 U.S.C. § 2255, seeking a reduction of a term of supervised release imposed by this court August 27, 1998. For the reasons set forth below, the petition is denied.

## BACKGROUND

### I. *Procedural Background*

In October of 1996 Masone pled guilty to a one count information charging him with bank fraud in violation of 18 U.S.C. § 1344. The fraud charge arose out of false statements made by Masone to Comerica Bank in connection with a $92,000 loan. The fraud was discovered by Masone's Probation Officer while Masone was under supervision in connection with a December 1999 sentence for mail fraud. When the bank fraud was discovered, Masone's Probation Officer also discovered that Masone had prepared false tax returns and had failed to failed a tax return for the year 1995.

Facing possible tax and bank fraud charges, Masone agreed to plead guilty to bank fraud. For the two years following the plea of guilty, Masone's attorney negotiated a plea agreement which ultimately recognized that the fraud amount would be $35,000 (as opposed to the originally charged $92,000) and disposed of any possible tax charges by requiring that Masone file certain tax returns.

The plea agreement stated that Masone would be sentenced pursuant to the Federal Sentencing Guidelines (the "Guidelines") and that the Guideline range of sentences

would ultimately be based upon information provided to the court regarding, *inter alia,* all criminal activity. The Government estimated that based upon information in its possession, the range of imprisonment faced by Masone was fifteen to twenty-one months of incarceration. The plea agreement incorrectly stated both the maximum term of imprisonment for bank fraud as well as the maximum possible term of supervised release. The bank fraud term was erroneously stated to be five years when it was, in fact, thirty years. The maximum term of supervised release stated in the plea agreement was three years, when in fact, the maximum term was five years.

The plea agreement recognized that no specific sentence could be guaranteed. For its part, the Government agreed to take no position concerning the specific sentence that should be imposed and further agreed to seek no upward departure of the sentence. While the Government stated that it would recommend the sentence in the plea agreement to the Probation Department, it was recognized that the Government's calculation could be rejected. The agreement further set forth that the Government's calculation of the appropriate sentence was not binding on the court and in the event that the court were to calculate a different guideline range, Masone would not be entitled to withdraw his plea.

The plea agreement makes clear the circumstances under which Masone agreed to waive his right to appeal the sentence. Thus, the agreement states that Masone agrees to waive his right to appeal in the event that the court imposed a sentence within or below the Government's estimated calculation.

A presentence report ("PSR") was prepared by the Probation Department and distributed to the court, the Government and to defense counsel. The PSR detailed Masone's personal and criminal history. As noted in that report, Masone had battled drug addition throughout most of his life, beginning as early as the age of thirteen. The PSR also detailed Masone's repeated brushes with the law, including various drug-related offenses and federal fraud charges.

Unlike the plea agreement, the PSR noted, correctly, both the maximum term of imprisonment for bank fraud (thirty years) as well as the maximum term of supervised release (five years). The PSR calculated Masone's Guideline offense level and arrived at a Guideline imprisonment range of ten to sixteen months—significantly less than the Government's estimate in the plea agreement of fifteen to twenty-one months of incarceration.

Prior to sentencing, Masone's attorney was given the opportunity to object to anything contained in the PSR. A written submission was prepared by counsel and submitted for the court's consideration. That submission challenged the Probations department's calculation of Masone's sentence under the Guidelines and apprised the court of Masone's drug rehabilitation status. The submission mentioned neither the properly stated term of incarceration nor the five year term of supervised release.

Masone was sentenced by this court on August 27, 1998, to a fourteen month term of imprisonment followed by a five year term of supervised release along with an order of restitution. The fourteen month term was within the Guideline range specified in the PSR (ten to sixteen months) and less than the estimated range in the plea agreement (fifteen to twenty-one months). The term of supervised release was more than the term specified in the plea agreement but identical to the maximum term as set forth in the PSR. The total sentence was significantly less than the maximum penalty faced under the bank fraud statute.

## II. *The Present Motion*

Masone's motion, pursuant to 28 U.S.C. § 2255, argues that his guilty plea was

neither knowing nor voluntary and was accepted in violation of Rule 11 of the Federal Rules of Criminal Procedure. Additionally, Masone claims ineffective assistance of counsel in connection with advise given prior to the plea. Masone contends that the plea agreement was breached when the court imposed a five year term of supervised release. He does not seek withdrawal of his guilty plea, but, instead, an order that his term of supervised release be reduced from the five year term imposed to the three year term referred to in the plea agreement.

The Government concedes that the plea agreement incorrectly stated the maximum term of supervised release but opposes the motion on the grounds that: (1) Masone has waived his right to appeal and, in any event, (2) there was never any agreement as to the term of supervised release impose upon which Masone could possible have relied. Finally, the Government argues that Masone cannot meet the high burden necessary to sustain a claim of ineffective assistance of counsel.

## DISCUSSION

### I. Rule 11 Requirements

■ Rule 11 of the Federal Rules of Criminal Procedure ("Rule 11") sets forth certain requirements for acceptance of a guilty plea, to ensure that the plea is knowing and voluntary. *United States v. Andrades*, 169 F.3d 131, 133 (2d Cir.1999). While strict adherence to Rule 11 is generally required, a departure from the precise procedures set forth in the rule that does "not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h). Thus, a guilty plea will not be set aside where there has been a "minor and technical violation of Rule 11 which amounts to harmless error." *United States v. Renaud*, 999 F.2d 622, 624 (2d Cir.1993), quoting, *United States v. Ferrara*, 954 F.2d 103, 106 (2d Cir.1992), (quoting 1993 Advisory Committee note to Rule 11).

■ Where a defendant is incorrectly advised of the possible length of a term of supervised release and there is no request to withdraw the previously entered guilty plea, the error is deemed harmless. *Renaud*, 999 F.2d at 624. This remains true even if the district court fails to describe the implications of the term of supervised release. *Andrades*, 169 F.3d at 133.

Here, Masone was advised of the proper term of supervised release in the PSR as well as at his sentencing. Yet, at no time did he object to imposition of the five year term. Instead, he waited until now to seek to have this court reduce the term of supervised release to the three year term erroneously set forth in the plea agreement. The relief sought by Masone, which is akin to seeking specific performance of a contract, is unavailable. As set forth by the Second Circuit in *Renaud:*

> [t]he district court does not bargain for a defendant's plea; and that plea and the district court's Rule 11 advice do not constitute a contract. Nor is the court estopped from applying the law correctly. When an error in giving information required by Rule 11 has been made, it is to be corrected by giving the defendant an opportunity to enter a new plea on the basis of correct information. When the defendant wishes, upon receiving complete and accurate information, to adhere to his original plea, the Rule's goal of insuring that the plea of guilty was a voluntary and intelligent choice among alternatives has been achieved ... and the error must be deemed harmless.

*Renaud*, 999 F.2d at 625. Here, as in *Renaud*, Masone does not now, and has never, sought to withdraw his plea of guilty. Accordingly, the error in the plea agreement cannot be relied upon to reduce the term of supervised release. *Renaud*, 999 F.2d at 625; *see also United States v. Awala*, 164 F.3d 619, 619, 1998 WL 667910 (2d Cir.1998).

■ Moreover, the sentence ultimately imposed upon Masone (fourteen months

incarceration and five years of supervised release for a total of 74 months) was less than the maximum term he could have received. This is true if one calculates the term erroneously referred to in the plea agreement (five years maximum incarceration plus three years maximum supervised release for a total of a possible 96 months) or the correct thirty year term referred to in the PSR. This fact, too, renders the error in the plea agreement harmless and prohibits Masone from seeking any relief. *See Andrades,* 169 F.3d at 134 (error is harmless where defendant is misinformed as to the term of supervised release and the total sentence actually imposed is less than that described at the plea allocution).

In light of the foregoing, the court rejects any attack to the sentence based upon the erroneous statement in the plea agreement regarding the maximum possible term of supervised release.[1]

II. *Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that the representation received fell below an objective standard of reasonableness and there is a reasonable probability that absent counsel's errors the outcome of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Jackson v. Leonardo,* 162 F.3d 81, 85 (2d Cir.1998); *United States v. Leslie,* 103 F.3d 1093, 1099 (2d Cir.), *cert. denied,* 520 U.S. 1220, 117 S.Ct. 1713, 137 L.Ed.2d 837 (1997). There is a strong presumption that counsel's performance fell within the broad range of acceptable performance. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

[redacted] All advice offered by counsel is not required to withstand a retrospective examination in a post-conviction hearing. *See McMann v. Richardson,* 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Instead, all that is required is that the defendant and counsel use their best judgment as to the weight of the prosecution's case. Counsel must consider how the facts will be viewed by a jury and whether those facts could convince a judge or jury of the defendant's guilt. *McMann,* 397 U.S. at 769–70, 90 S.Ct. 1441.

[redacted] The court has reviewed the record of the proceedings herein and has considered the representation afforded Masone. Upon such review and consideration, the court rejects the claim of ineffective assistance of counsel. The record reflects clearly the negotiation carried on by counsel in obtaining a very favorable plea agreement and sentence. The failure to object to the five year term of supervised release referred to in the PSR reflects not ineffective assistance of counsel, but more likely, counsel's familiarity with the applicable law. Similarly, any failure to object to the condition of drug and mental health treatment reflects counsel's awareness of his client's long battle with drugs and the salutary purpose that would be furthered by such special conditions.

In sum, the claim of ineffective assistance of counsel is completely without merit and is, accordingly, rejected.

## *CONCLUSION*

For the foregoing reasons, Masone's motion pursuant to 28 U.S.C. § 2255 is denied. The Clerk of the Court is directed to close the file in this case.

SO ORDERED

[redacted]

1. The court is cognizant of the fact that the Government also relies herein on a waiver argument. Because it is so clear that Masone is not entitled to the relief he seeks, the court declined to rule on the waiver issue and, instead, ruled on the clear and well-settled law referred to above.