UNITED STATES of America,
Appellee,

v.

Miguel FELIZ, Jose Erbo, a/k/a "Pin-
guita," a/k/a "tito," a/k/a "Miguel
Garcia," Jose Cortina Perezo, a/k/a
"Jochi," Miguel Mungin, a/k/a
"Mike," a/k/a "David Robert," Stanley
Davis, a/k/a "William,", Defendants,

Robert Brown, a/k/a "Crazy Rob,"
a/k/a "Raj,", Defendant–
appellant.

No. 00–1430.

United States Court of Appeals,
Second Circuit.

March 16, 2001.

Thomas D. White, New York, NY, for
appellant.

I. Bennett Capers, Assistant United
States Attorney for the Southern District
of New York, New York, NY, for appellee.

Present PARKER, SACK, Circuit
Judges, and STEIN*, District Judge.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED that the decision of said
district court be and it hereby is AF-
FIRMED.

Defendant-appellant, Robert Brown
("Brown") appeals from an April 3, 2000
judgment of the United States District
Court for the Southern District of New
York (Harold Baer, Jr., *Judge* ) following
his guilty plea before Magistrate Judge
Andrew J. Peck. On November 16, 1999,
Brown pleaded guilty to two counts of
conspiracy to commit murder in aid of
racketeering, in violation of 18 U.S.C.
§ 1959(a)(5). The charges against Brown

* The Honorable Sidney H. Stein, of the United
States District Court for the Southern District
of New York, sitting by designation.

arose out of Brown's participation in the July 3, 1992 murders of Luis Loiaza and Lourdes Dominguez. On April 3, 2000, Judge Baer sentenced Brown to 120 months' imprisonment on each count, to run consecutively. Judge Baer also imposed a term of three years' supervised release and mandatory special assessments totaling $100. Brown is currently serving his sentence. On appeal, Brown argues that his case should be remanded for resentencing or that his guilty plea should be conditionally vacated because the district court failed to adequately advise him at the time of his guilty plea of the effect of a supervised release term, thus violating the requirements of Rule 11(c)(1) of the Federal Rules of Criminal Procedure.

On November 16, 1999, Brown entered into a written plea agreement with the government. In the plea agreement, Brown agreed to plead guilty to two counts of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5). Count 1 of Information S5 97 Cr. 1105(HB) ("the Information") charged Brown with conspiracy to murder Loiaza, and Count 2 of the Information charged Brown with conspiracy to murder Dominguez.

Also on November 16, 1999, Brown appeared before Magistrate Judge Andrew J. Peck and entered pleas of guilty to Counts 1 and 2 of the Information. During the plea allocution, Brown claimed to understand the nature of the charges against him. Judge Peck informed Brown that he faced a maximum prison term of 120 months on each count and a maximum of three years' supervised release on each count. Specifically with respect to the effect of a violation of the conditions of a supervised release, Judge Peck informed Brown of the following:

THE COURT: Do you understand that if you are sentenced to a term of super-vised release and you violate any conditions of that release you will face additional punishment which can and often does include additional imprisonment?

BROWN: Yes, sir.

Federal Rule of Criminal Procedure 11(c)(1) mandates that "[b]efore accepting a plea of guilty ... the court must ... inform the defendant of, and determine that the defendant understands, ... the maximum possible penalty provided by law, including the effect of any ... supervised release term...." The law of this Court explains that Rule 11 operates to ensure that a defendant's guilty plea is knowing and voluntary. *See United States v. Andrades,* 169 F.3d 131, 133 (2d Cir. 1999). Although "Rule 11 imposes strict requirements on what information the district courts must convey and determine before they accept a plea, it does not ... tell them precisely how to perform this important task...." *United States v. Maher,* 108 F.3d 1513, 1520–21 (2d Cir. 1997) (internal quotation marks and citation omitted). Because Judge Peck informed Brown of the maximum penalties he faced, which included 20 years' imprisonment and three years' supervised release, and informed Brown that he could face "additional" imprisonment if he were to violate the terms of his supervised release, we hold that Judge Peck complied with Rule 11(c)(1).

In the alternative, Rule 11(h) instructs that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Therefore, even if we assume that Judge Peck did not meet the requirements of Rule 11(c)(1) with respect to the effect of a violation of supervised release, we hold that such an error was harmless under Rule 11(h). *See United States v. Renaud,* 999 F.2d 622, 624 (2d Cir.1993)(explaining that "a minor and technical violation of

Rule 11" will not be sufficient to undo a guilty plea).

For the reasons set forth above, the judgment of the district court is AFFIRMED.