UNITED STATES of America,
Appellee,

v.

James BAEZ, aka Jimmy Baez,
Defendant–Appellant.

Docket No. 00–1286.

United States Court of Appeals,
Second Circuit.

April 3, 2001.

Daniel Meyers; Glenn A. Garber, of counsel, New York, NY, for appellant.

I. Bennett Capers, Assistant United States Attorney; Mary Jo White, United States Attorney for the Southern District of New York; Celesete L. Koeleveld; of counsel, New York, NY, for appellee.

Present FEINBERG, NEWMAN and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be, and it hereby is, AFFIRMED.

James Baez appeals from a judgment of conviction entered on April 26, 2000, in the United States District Court for the Southern District of New York, following his guilty plea before the Honorable James C. Francis, United States Magistrate Judge, which was accepted by the Honorable Deborah A. Batts, United States District Judge. On April 17, 2000, Judge Batts sentenced Baez principally to 180 months' imprisonment. Baez seeks to have his sentence reduced or his plea of guilty withdrawn.

Baez claims that the district court violated Rule 11(d) of the Federal Rules of

Criminal Procedure by "failing to ask him if his willingness to plead guilty was predicated on discussions with the prosecutor and defense counsel."

■ A guilty plea will not be set aside where there has been a "minor and technical violation of Rule 11 which amounts to harmless error." *United States v. Renaud*, 999 F.2d 622, 624 (2d Cir.1993). In *United States v. Basket*, 82 F.3d 44, 48–49 (2d Cir.1996), we held that "the language and history of Rule 11(h) indicate that harmless-error analysis may be applied to a failure to comply with Rule 11(d)." *Id.* at 49.

■ The district court adequately questioned Baez under Rule 11(d). "[W]hile Rule 11 imposes strict requirements on what information the district courts must convey and determine before they accept a plea, it does not ... tell them precisely how to perform this important task." *United States v. Maher*, 108 F.3d 1513, 1520–21 (2d Cir.1997) (internal quotation marks and citation omitted). "The purpose of the inquiry required by Rule 11(d) is to determine whether or not promises have been made by the government, and what those promises are." *United States v. Michlin*, 34 F.3d 896, 899 (9th Cir.1994); *see also*, Advisory Committee Notes to Rule 11. The district court complied with Rule 11(d) by determining that Baez's plea was made on the basis of a plea agreement, reviewing the terms of that agreement, and ascertaining that the agreement was not induced by threats or inappropriate promises.

Baez next argues that his guilty plea was involuntary because his attorney failed to inform him prior to his guilty plea about his lack of safety valve eligibility and the applicability of the mandatory minimum.

■ Ineffective assistance of counsel may render a guilty plea involuntary and

therefore invalid. *See Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir.1992). To succeed with such a challenge, a defendant must show "that his counsel's representation fell below an objective standard of reasonableness ... [and] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quotation marks and internal citations omitted). We have held that "[w]here defendant's specific claim is that counsel has misled him as to the possible sentence which might result from a plea of guilty, ... the issue is whether the defendant was aware of actual sentencing possibilities, and, if not, whether accurate information would have made any difference in his decision to enter a plea." *Id.* at 1058.

■ While it is unclear exactly what Baez's attorney told him and when, both the plea agreement and the magistrate judge correctly informed Baez of the actual sentencing consequences of his pleading guilty. In light of the plea allocution and the plea agreement signed by Baez, there is no basis for his claim that he was not aware of the statutory mandatory minimum and its applicability to him or that but for his counsel's alleged errors, he would not have pleaded guilty.

Finally, Baez argues that the district court abused its discretion when it refused to grant a hearing on his motion to withdraw his guilty plea and denied the motion.

■ Pursuant to Fed.R.Crim.P. 32(e), the court may grant a defendant's motion to withdraw a plea of guilty before sentencing "if there are valid grounds for withdrawal and granting the motion would be fair and just, giving due regard to any prejudice the government might suffer as a result." *United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir.1997). "[A] defendant who seeks to withdraw his plea bears

the burden of satisfying the trial judge that there are valid grounds" for relief. *United States v. Gonzalez,* 970 F.2d 1095, 1100 (2d Cir.1992) (internal quotation marks and citations omitted). And a defendant is entitled neither to a hearing nor to withdraw his plea because he "has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed." *Id.*

■■■ "A defendant is not entitled to an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea," but must "present some significant questions concerning the voluntariness or general validity of the plea to justify an evidentiary hearing." *Id.* "No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simply conclusory." *Id.*

■■■ We review the district court's denial of a motion to withdraw a plea of guilty only for abuse of discretion. *See Maher,* 108 F.3d at 1529; *Gonzalez,* 970 F.2d at 1100.

■■■ Baez does not contest his guilt. Rather, he argues that he pled guilty on the reliance of his attorney's and the government's promise that even if he did not receive a § 5K1.1 letter, he would receive a sentence below the mandatory minimum under the safety valve exception. However, the district court determined at the plea allocution that Baez had read and understood the cooperation agreement, informed Baez of his sentencing possibilities, and ascertained that no other offers had been made to Baez to induce his plea. *See id.* at 1100–01. Baez provides no evidence that the government, prior to the guilty plea, told him or his attorney that they would waive the safety valve requirements,

which they have no legal power to do. Moreover, Baez's lawyer submitted an affidavit saying: "At the time of Mr. Baez's guilty plea in 1996, there was no mention of the safety valve because it was assumed by all that Mr. Baez, who was out on bail and assisting the government, would not be subject to the guidelines pursuant to § 5K1.1." In these circumstances, the allegations by Baez "merely contradict[ ][his] earlier statements made under oath at his plea allocution" and require no evidentiary hearing. *Id.* at 1101. The district court did not abuse its discretion in denying both an evidentiary hearing and the actual motion.

For these reasons, the opinion of the district court is AFFIRMED.