**UNITED STATES of America,
Appellee,**

v.

**Christopher DeCHICK, Defendant–
Appellant.**

No. 05–0990–cr.

United States Court of Appeals,
Second Circuit.

May 18, 2006.

Tina Schneider, Portland, ME, for Appellant.

Kathleen M. Mehltretter, Acting United States Attorney, Stephan J. Baczyniski, of Counsel, Buffalo, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. CHESTER J. STRAUB, Circuit Judges, and Hon. CHARLES L. BRIEANT, District Judge.*

### SUMMARY ORDER

Defendant–Appellant Christopher De-Chick appeals from a judgment entered February 16, 2005 in the Western District of New York (Charles J. Siragusa, *Judge*), following a guilty plea, convicting him of two counts of possession and interstate transmission of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(1). DeChick further appeals his sentence of 108 months' term of incarceration and lifetime supervised release. For the reasons that follow, we reject all of De-Chick's claims. We assume familiarity with the facts, procedural history, and issues on appeal.

DeChick seeks to vacate his guilty plea on the ground that the District Court failed to advise him of the consequences of his plea. He points to several respects in which the District Court's recitation deviated slightly from the text of Fed. R.Crim.P. 11. We " 'generally require sentencing courts to adhere strictly to the specific provisions of Rule 11.' " *United States v. Andrades,* 169 F.3d 131, 133 (2d Cir.1999) (quoting *United States v. Renaud,* 999 F.2d 622, 624 (2d Cir.1993)). However, when defendant has not objected below to the Rule 11 violation, as is the case here, such variances are reviewed for plain error under Fed.R.Crim.P. 52(b). *United States v. Vaval,* 404 F.3d 144, 151 (2d Cir.2005). Under that standard, the defendant must establish that there is " 'a reasonable probability that, but for the error, he would not have entered the plea.' " *Vaval,* 404 F.3d at 151 (quoting

---

\* The Honorable Charles L. Brieant, of the United States District Court for the Southern District of New York, sitting by designation.

*United States v. Dominguez Benitez,* 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)).

DeChick complains that he was not advised that he had "the right to plead not guilty," as required by Rule 11(b)(1)(B), but instead that he had "under our law the absolute right to go to trial." Second, he was advised that, if he chose to go to trial, he was entitled to continued representation, but not that he was entitled to representation "at trial *and at every other stage of the proceedings.*" Rule 11(b)(1)(D) (emphasis added). Third, he was not informed of his "right at trial [ ] to *compel* the attendance of witnesses," Rule 11(b)(1)(E) (emphasis added), but only that he could "*call* witnesses." However, DeChick does not claim that he would not have entered his plea had the District Court not made these minor deviations from the text of Rule 11, and it would be impossible to credit such a claim if he were to make it.

DeChick also argues that the District Court failed to inform him that he faced a potential sentence of lifetime supervised release, and claims that if he had been so informed he would not have entered his plea. This claim is plainly contradicted by the record. The plea agreement and the District Court both informed DeChick that he faced a maximum possible sentence of lifetime supervised release. We therefore decline to vacate DeChick's plea.

■ DeChick challenges his sentence of 108 months' imprisonment on the ground it is based on an incorrect calculation of the advisory guidelines. Specifically, DeChick argues that the District Court improperly relied on 18 U.S.C. § 3553(b)(2) in order to deny DeChick's request for a downward departure.

18 U.S.C. § 3553(b)(2), as the District Court noted, limited the authority of sentencing courts in certain sexual offense cases to depart downwards from the guidelines, requiring that any mitigating circumstance that forms the basis for such a downward departure be affirmatively and specifically identified as a ground for departure in the sentencing guidelines or policy statements. Subsequent to DeChick's sentencing hearing, in *United States v. Selioutsky,* 409 F.3d 114, 117 & n. 6 (2d Cir.2005), we held that, following *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), § 3553(b)(2) had to be considered excised—not merely rendered non-mandatory, but excised in its entirety. It therefore no longer places a limit on a sentencing court's authority to depart downwards.

In this case, however, the District Court—perhaps recognizing that § 3553(b)(2) was of questionable legitimacy in the post-*Booker* era—calculated the appropriate guidelines sentence for DeChick both with and without § 3553(b)(2), and found that the same result was appropriate in either case. As DeChick notes, the District Court rejected DeChick's request for a downward departure on the basis that none of the grounds for departure offered by DeChick "would comport with" § 3553(b)(2); but the District Court *also* found that "even if somehow your reasons were allowed to be a basis for a downward departure, I don't consider anything offered [ ] on your behalf either individually or in combination that would justify taking this case out of the heartland of cases."

There was therefore no error in the District Court's calculation of the advisory guidelines with respect to the sentence of imprisonment. Insofar as DeChick argues that the District Court was unaware of its authority, post-*Booker,* to impose a non-Guidelines sentence, that argument is clearly contrary to the record.

■ DeChick challenges his sentence of lifetime supervised release on a number of

grounds. First, DeChick argues that the District Court improperly calculated the appropriate term of supervised release under the advisory Guidelines, by relying on a provision of the Guidelines that came into effect on November 1, 2004, prior to sentencing but after the commission of DeChick's offenses. The 2004 Guidelines provided for a maximum lifetime term of supervised release for sex offenders, U.S.S.G. § 5D1.2(a)(3), (b)(2) (2004). The Guidelines in effect in 2003, when the offenses were committed, did not contain that provision, and called for a term of supervised release of no more than five years, other than for certain crimes of violence. The advisory Guidelines require that a sentencing court use the Guidelines in effect at the time of sentencing, unless to do so "would violate the *ex post facto* clause of the United States Constitution [in which case] the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." U.S.S.G. § 1B1.11(b)(1); *see also United States v. Gonzalez*, 281 F.3d 38, 45 (2d Cir.2002) ("If the version of the Guidelines in effect at the time of sentencing is more severe than the version in effect when the offense was committed, or more onerous, there is an ex post facto problem and the earlier Guidelines should be applied."). DeChick argues that the imposition of the more severe provisions of the 2004 Guidelines was therefore an error in the District Court's calculation of the advisory Guidelines.

We have not considered the effect of U.S.S.G. § 1B1.11(b)(1)'s language in the post-*Booker* era.[2] We need not do so here. It appears, though the record is somewhat unclear, that the District Court imposed DeChick's sentence in reliance on the Poli-cy Statement in the Guidelines that recommended the statutory maximum term of supervised release for all sex offenses. U.S.S.G. § 5D1.2(b)(2) (Policy Statement) The statutory maximum term at the time of DeChick's offense was life. 18 U.S.C. § 3583(k). That Policy Statement was contained in the Guidelines in effect both at the time of sentencing and at the time of DeChick's offenses. The District Court properly noted that the Statement was "only a recommendation," and that the Guidelines themselves were "only advisory," but nevertheless found it appropriate to take the Statement's recommendation into account in fashioning a post-*Booker* sentence. Whether the District Court's imposition of a lifetime term of supervised release was an upward departure within the advisory Guidelines, or a non-Guidelines sentence, we see no error in the District Court's reliance on that Policy Statement to determine DeChick's sentence.

▉ The question remains whether the sentence of lifetime supervised release was reasonable. DeChick argues that it was not. Pursuant to 18 U.S.C. § 3742(a), we have jurisdiction "to review sentences, whether Guidelines sentences or non-Guidelines sentences, for reasonableness." *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006). In *United States v. Hayes*, 445 F.3d 536 (2d Cir.2006), we reviewed the reasonableness of a lifetime sentence of supervised release for a defendant convicted, like DeChick, under 18 U.S.C. § 2252A. We noted that the sentence was in conformity with the express recommendation of the Guidelines and the Policy Statement of U.S.S.G. § 5D1.2(b)(2); and, although we declined to *presume* the reasonableness of the sen-

---

**2.** We have held that there is no violation of the *ex post facto* clause when a sentencing court, following *Booker,* imposes a non-Guide-lines sentence in excess of the Guidelines. *See United States v. Fairclough*, 439 F.3d 76, 79 (2d Cir.2006).

tence on that basis, we found that it was reasonable, especially in light of evidence of Hayes' recidivism. *See id.* at 537. Although DeChick, unlike Hayes, has not been convicted of sexually abusing a child, the evidence of his recidivism while on pretrial release strongly suggests that his sentence was reasonable, and we so find.

■ Nor do we see any merit in De-Chick's argument that his sentence was based on impermissible double-counting, because the evidence of recidivism taken into account by the District Court in imposing a sentence of lifetime release was also the basis for an increase in his base offense level under the Guidelines. Such 'double-counting' is permissible here, because imprisonment and supervised release serve two different functions. *See United States v. Maloney,* 406 F.3d 149, 153 (2d Cir.2005) ("[W]e have consistently held that double counting is permissible in calculating a Guidelines sentence where, as here, each of the multiple Guidelines sections applicable to a single act serves a distinct purpose or represents a discrete harm."); *United States v. Campbell,* 967 F.2d 20, 25 (2d Cir.1992) ("[D]ouble counting is legitimate where a single act is relevant to two dimensions of the Guidelines analysis."). "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson,* 529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000).

■ Finally, DeChick argues that the District Court was required, pursuant to Fed.R.Crim.P. 32(h), to notify him in advance of its intention to depart upwards from the Guidelines in imposing a sentence of lifetime supervision. We have not previously addressed the applicability of Rule 32(h) to post-*Booker* sentences, and we do not decide that issue here. Because De-Chick failed to object at sentencing to the District Court's failure to give notice, we review for plain error. DeChick fails to point to any arguments that he would have raised before the District Court, had he been given Rule 32(h) notice. With or without such notice, he had an incentive, post-*Booker,* to make all possible arguments for mitigation, and it appears that he did so. Even if the failure to give notice of an intention to follow the policy statement could be regarded as error, the error would be harmless because, unlike cases where a sentencing judge makes an upward departure without notice based on some fact that the defendant lacked an opportunity to controvert, the lifetime term of supervised release in this case was imposed because of the evidence of De-Chick's recidivism, and this evidence was set forth in the presentence report.

We have considered all of DeChick's arguments and found them to be without merit. For the foregoing reasons, we AFFIRM both the judgment of conviction and sentence entered by the District Court.