**UNITED STATES of America,**
**Appellee,**

v.

**John MANCINI, Defendant–Appellant.**

**No. 06–5742–cr.**

United States Court of Appeals,
Second Circuit.

May 28, 2008.

Stephanie M. Carvlin, New York, NY, for Defendant–Appellant.

Richard C. Tarlowe, Assistant U.S. Attorney (Michael J. Garcia, U.S. Attorney for the Southern District of New York, on the brief, Katherine Polk Failla, Assistant U.S. Attorney, of counsel), New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

John Mancini appeals from a judgment dated October 24, 2006, convicting him, pursuant to a guilty plea, of one count of participation in a conspiracy to possess with intent to distribute hydrocodone in violation of 21 U.S.C. § 846, and two counts of distribution and possession with intent to distribute hydrocodone in violation of 21 U.S.C. §§ 812, 829(b), and 841(a)(1)(D) and 21 C.F.R. §§ 1306.21 and 1308.13. The District Court calculated the advisory sentencing guidelines range to be 33 to 41 months' imprisonment, but sentenced Mancini principally to 72 months' imprisonment pursuant to an upward departure under U.S.S.G. § 5K2.0(a)(2) and Application Note 16 to U.S.S.G. § 52D1.1, in light of the massive quantity of hydrocodone that Mancini distributed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Mancini argues that his plea agreement with the government is invalid because it (1) unconscionably provided him with no benefit and (2) violated U.S.S.G. § 6B1.4. If that were so, Mancini would, perhaps, have grounds to withdraw his guilty plea, *see United States v. Renaud*, 999 F.2d 622, 625 (2d Cir.1993), but Mancini does not seek to withdraw his guilty plea. Instead, he requests that he be resentenced by a different judge in accordance with his plea and, somewhat confusingly, in accordance with the "spirit" of the plea agreement that he maintains is invalid. At its core, Mancini's objection to the plea agreement arises from the government's decision to file a motion pursuant to U.S.S.G. § 5K2.0(a)(2) and Application Note 16 to U.S.S.G. § 52D1.1 for an upward departure on the ground that Mancini distributed a quantity of hydrocodone over 130 times greater than the quantity that triggers the maximum offense level under the guidelines. He contends that the government's motion violated the plea agreement, but the plea agreement explicitly permitted the government to file an "upward departure motion," and the record indicates that the government informed Mancini of its intention to do so in no uncertain terms. Accordingly, we see no merit in Mancini's challenge to the plea agreement or his challenge the government's motion for an upward departure.

Mancini also challenges his sentence as procedurally and substantively unreasonable. The procedural defect, in Mancini's view, arises from the District Court's decision to grant the government's motion for an upward departure. Mancini contends that factors other than drug quantity influenced the Court's decision to depart upward, but the record makes clear that the District Court considered an upward departure "necessary" in light of the amount of drugs distributed by Mancini. With respect to the substantive reasonableness of the sentence, Mancini argues that (1) his sentence of 72 months—more than twice the minimum term of incarceration of the applicable guidelines range—far exceeded the guidelines range applicable to his conduct and (2) the District Court failed to accord adequate weight to several mitigat-

ing factors, including his history of addiction, support for his family, limited prior criminal history, and that his offense was non-violent. In light of the 5.4 million pills distributed by Mancini, his relentless determination to continue distributing hydrocodone despite the intervention of law enforcement, his lack of candor with the Court, and his sustained pattern of reckless behavior, we see no error, much less abuse of discretion, *see United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006), in the sentence imposed by the District Court.

Accordingly, we AFFIRM the judgment of the District Court.