*United States v. Garcia-Hernandez*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty.

PRESENT:
    **ROBERT D. SACK,**
    **MICHAEL H. PARK,**
    **STEVEN J. MENASHI,**
        *Circuit Judges.*

_____

**UNITED STATES OF AMERICA,**

        *Appellee*,

    v.                                                          **19-2504**

**PEDRO GARCIA-HERNANDEZ,**

        *Defendant-Appellant.*

_____

**FOR DEFENDANT-APPELLANT:**            Nicholas J. Pinto, New York, NY.


**FOR APPELLEE:**            Emily Deininger, Courtney L. Heavey, and David Abramowicz, Assistant U.S. Attorneys, *for* Audrey Strauss, Acting U.S. Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Pedro Garcia-Hernandez appeals from the district court's judgment of conviction entered on July 29, 2019. Garcia-Hernandez pleaded guilty to possessing with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and the district court sentenced Garcia-Hernandez to the mandatory minimum of ten years' imprisonment. On appeal, Garcia-Hernandez seeks vacatur of his guilty plea on the grounds that it was not knowingly and voluntarily entered. We disagree and thus affirm the district court's judgment of conviction. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

A guilty plea operates as a waiver of constitutional rights and is therefore "valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). Garcia-Hernandez principally contends that his guilty plea should be vacated because the district court's explanation of the consequences of a guilty plea was so "confusing" that his plea was not knowingly or voluntarily entered, in violation of Rule 11 of the Federal Rules of Criminal Procedure.

"Rule 11 sets forth requirements for a plea allocution and 'is designed to ensure that a defendant's plea of guilty is a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *United States v. Andrades*, 169 F.3d 131, 133 (2d Cir. 1999) (quoting *United States v. Renaud*, 999 F.2d 622, 624 (2d Cir. 1993)). In the course of accepting a defendant's guilty plea, the district court must "inform the defendant of, and determine that the

defendant understands," among other factors, "any mandatory minimum penalty." Fed. R. Crim. P. 11(b)(1)(I).

We review the district court's acceptance of a guilty plea for plain error where, as here, the defendant did not raise any Rule 11 objections before the district court. *See United States v. Rodriguez*, 725 F.3d 271, 276 (2d Cir. 2013). To establish plain error, Garcia-Hernandez must demonstrate that "(1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Pattee*, 820 F.3d 496, 505 (2d Cir. 2016) (quoting *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012)). In the context of a Rule 11 challenge, a defendant's substantial rights are affected only where there exists a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

Here, Garcia-Hernandez has not established that the district court's acceptance of his plea was plain error. Several aspects of the record persuade us that the district court fairly communicated and Garcia-Hernandez fully understood that the mandatory ten-year sentence "was the actual and inevitable sentence." *United States v. Johnson*, 850 F.3d 515, 524 (2d Cir. 2017).

First, at the plea allocution, the district court outlined the possible penalties that the charged offense carried, including a "mandatory minimum term of ten years imprisonment," and Garcia-Hernandez unambiguously confirmed that he understood those penalties. The district court also properly reviewed the applicable Guidelines range with Garcia-Hernandez, even though it was lower than the statutorily required minimum sentence. *See* Fed. R. Crim. P. 11(b)(1)(M). Second, both Garcia-Hernandez and his attorney confirmed that they together reviewed the entirety of the government's *Pimentel* letter, which clarified that although the government calculated the

3

Guidelines range to be 70 to 87 months, "the statutorily required minimum sentence of ten years' imprisonment is the Guidelines sentence." *See Bradshaw*, 545 U.S. at 183 (permitting the district court to rely on counsel's assurance that the defendant was properly informed before the plea allocution); *see also United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991) (recommending that the government "inform defendants, prior to accepting plea agreements, as to the likely range of sentences that their pleas will authorize under the Guidelines" in an effort to "ensure that guilty pleas indeed represent intelligent choices by defendants"). Third, the presentence report, to which Garcia-Hernandez did not object, clearly explained that the ten-year mandatory minimum sentence applied to the charged offense in place of the otherwise applicable Guidelines range, pursuant to U.S.S.G. § 5G1.1(b). Garcia-Hernandez confirmed at sentencing that he had discussed the presentence report with his attorney. *See Hanson v. Phillips*, 442 F.3d 789, 800–01 (2d Cir. 2006) ("[A] significant factor in determining whether a plea is intelligently and voluntarily entered is whether it was based on the advice of competent counsel." (quoting *Willbright v. Smith*, 745 F.2d 779, 781 (2d Cir. 1984)). Fourth, Garcia-Hernandez's own sentencing submission specifically requested that the ten-year mandatory minimum sentence be imposed, reasoning that ten years' imprisonment was a sufficient sentence considering that, but for the mandatory minimum, a Guidelines imprisonment range of 70 to 87 months would apply. Finally, immediately before imposing its sentence, the district court reminded Garcia-Hernandez that the mandatory minimum superseded the lower, otherwise applicable Guidelines range.

In light of all this, there is no reasonable probability that a more precise explanation by the district court of the Guidelines' relevance would have affected Garcia-Hernandez's decision to plead guilty. *See Vaval*, 404 F.3d at 152 ("Where a defendant, before sentencing, learns of information erroneously omitted in violation of Rule 11 but fails to attempt to withdraw his plea

based on that violation, there can be no 'reasonable probability that, but for the [error], he would not have entered the plea.'" (quoting *Dominguez Benitez*, 542 U.S. at 83)).

This conclusion is bolstered by the strength of the government's case. *See Brady*, 397 U.S. at 756 (explaining that the decision to plead guilty is often "heavily influenced by the defendant's appraisal of the prosecution's case against him"). The government's evidence included witness testimony, the heroin seized from Garcia-Hernandez during his arrest, and recordings and text messages in which Garcia-Hernandez arranged to sell two kilograms of heroin. Faced with such a strong government case and a maximum sentence of life imprisonment, *see* 21 U.S.C. § 841(b)(1)(A), we see no reasonable probability that Garcia-Hernandez would have taken his chances at trial absent any alleged Rule 11 violations.

We conclude that the district court did not plainly err in accepting Garcia-Hernandez's guilty plea. We have considered Garcia-Hernandez's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court