**UNITED STATES of America,**
**Appellee,**

v.

**Robert HARRISON, also known as Sealed Defendant #1, also known as Bobby, Robert Lewis, also known as Sealed Defendant #2, also known as Charles, Leslie Edwards, also known as Sealed Defendant #3, also known as Les, Carl Dawson, also known as Sealed Defendant #5, Reginald Miller, Abraham Whaley and Jesse C. Fulton, Defendants,**

**Louis Birden, also known as Sealed Defendant #4, also known as Bug, Defendant–Appellant.**

**Docket No. 99–1642.**

United States Court of Appeals, Second Circuit.

Argued Aug. 7, 2000.

Decided March 05, 2001.

J. Scott Porter, Syracuse, NY, for Defendant–Appellant Louis Birden.

Elizabeth S. Riker, Assistant United States Attorney, (Daniel J. French, United States Attorney, John G. Duncan, Assistant United States Attorney, on the brief) Syracuse, NY, for Appellee.

Before: CALABRESI, CABRANES, and POOLER, Circuit Judges.

POOLER, Circuit Judge:

Louis Birden appeals the October 28, 1999, judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Chief Judge* ) sentencing him principally to 57 months imprisonment after he pleaded guilty to distributing crack and aiding and abetting the distribution of crack. This case presents us with another example of our need to require strict adherence to the

provisions of Fed.R.Crim.P. 11. The district court—and the prosecutor and defense attorney, for that matter—made an error during Birden's plea colloquy when it stated that Birden faced a mandatory minimum sentence of imprisonment when none in fact applied. By the time of sentencing, however, the court and prosecutor discovered the error and Birden in fact received a sentence three months *less* than that of which the court had advised him. While in other circumstances the court's error in overstating the applicable minimum sentence may have been harmless, that is not the case before us. Here, other errors and circumstances combine to create a critical mass of doubt regarding Birden's mental state. We cannot be assured on the record before us that Birden's guilty plea was knowing and voluntary. Because we do not take lightly any defendant's waiver of important constitutional rights, we vacate the conviction and remand to the district court for further proceedings.

## BACKGROUND

The grand jury returned a 15–count superseding indictment on April 1, 1999, charging Birden and seven co-defendants in a crack distribution conspiracy. On June 15, 1999, Birden pleaded guilty pursuant to a plea agreement to Counts 2 and 10 of the indictment. Count 2 charged Birden with distributing crack on October 15, 1998, and Count 10 charged Birden with aiding and abetting the distribution of crack on December 18, 1998, both in violation of 21 U.S.C. § 841(a)(1). During Birden's plea colloquy, the prosecutor described the factual basis for the plea. According to the government, Birden sold 2.61 grams of crack for $250 to an undercover agent on October 15, 1998. Also according to the government, Birden and two co-defendants on December 18, 1998, discussed the purchase of an "eight ball," or eighth of an ounce, of crack with an undercover police officer in an apartment, and then Birden and a co-defendant went to the rear of the apartment and returned with 2.85 grams of crack.

Before accepting Birden's guilty plea, the district court pursuant to Rule 11 informed defendant of the rights he was giving up by pleading guilty and the penalties that the court could impose. Of particular importance to this appeal is Judge Scullin's discussion of the potential punishment that Birden could face as a result of his guilty plea. Judge Scullin stated that Birden could be imprisoned up to 40 years "and there would be a minimal term of imprisonment of five years." The plea agreement that Birden signed stated the same consequences. Judge Scullin also told Birden that "So as you enter your plea here today, I cannot tell you what your sentence will be. The only thing you can be assured of is that your sentence will not be greater than that called for or allowed by statute ... the statutory maximums...." Birden stated that he understood the charges against him, and the district court found that Birden entered the guilty plea knowingly and voluntarily. However, eight days later in a letter to the court dated June 23, 1999, Birden requested a different attorney and "removal of [his] plea because of duress." Birden stated in the letter that he had been "ignorantly coerced into signing a plea agreement, that [he had] no knowledge of its contents." The district court record reflects no response to Birden's letter.

At the time Birden entered his guilty plea, the court, prosecutor, and defense counsel all were under the mistaken impression that a five-year mandatory minimum sentence applied because the combined weight of the crack charged in count 2 and count 10 was 5.46 grams. Pursuant to 21 U.S.C. § 841(b)(1)(B)(iii), a mandatory minimum sentence of five years applies to violations involving five grams or more of cocaine base, or crack. However, the five-year mandatory minimum sentence did not apply to Birden because the statute did not call for aggregation of the drug quantities in the two substantive counts. *See United States v. Winston,* 37 F.3d 235, 240 (6th Cir.1994). In other words, the

weight of cocaine base involved in the two transactions was not combined for purposes of calculating a mandatory minimum, although the combined weights were relevant under U.S.S.G. § 2D1.1 to establish a base offense level. The error came to light when the probation office prepared a Pre–Sentence Report ("PSR") on Birden's behalf. According to Birden's· PSR, the relevant Sentencing Guidelines range for imprisonment was 57 to 71 months.

Judge Scullin sentenced Birden on October 12, 1999. During the sentencing, the probation officer who prepared the PSR again stated that the five-year mandatory minimum sentence did not apply to Birden. Birden's lawyer was under the impression even after reading the PSR that the mandatory minimum of 60 months imprisonment applied, and as a result the attorney did not pursue downward departure motions on Birden's behalf. After the court explained the error to Birden's lawyer, defense counsel merely asked "the Court to impose the lowest possible sentence that would be applicable to my client in this case." Also during the sentencing, Birden complained that his attorney had misled him regarding the nature of cooperation that the government required before making a downward departure motion pursuant to U.S.S.G. 5K1.1 for substantial assistance to authorities. Judge Scullin imposed a sentence of 57 months imprisonment, three years supervised release, and $200 special assessment. Birden now appeals his conviction and asks the court to vacate his guilty plea.[1]

## DISCUSSION

### I. Alleged violation of Rule 11(c)(1)

■ Birden argues that the district court violated Rule 11(c)(1), which requires

the court accepting a guilty plea to advise defendant of his potential punishment. Birden also argues that Judge Scullin's error was not harmless because "[a] defendant's awareness of the correct penalties serves to ensure that the guilty plea was made voluntarily and with knowledge of the alternatives." The government concedes that the district court misinformed Birden about the minimum sentence and that the error violated Rule 11(c)(1).[2] The government contends, however, that the mistake was harmless because it had no practical effect on Birden's decision to plead guilty.

Our recent opinion in *United States v. Andrades*, 169 F.3d 131, 133 (2d Cir.1999), describes the parameters of Rule 11:

Rule 11 sets forth requirements for a plea allocution and "is designed to ensure that a defendant's plea of guilty is a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Renaud*, 999 F.2d 622, 624 (2d Cir.1993) (citations and quotations omitted). *See also United States v. Westcott*, 159 F.3d 107, 112 (2d Cir.1998), *petition for cert. filed*, 525 U.S. 1084, 119 S.Ct. 831, 142 L.Ed.2d 688 (1999). We "generally require sentencing courts to adhere strictly to the specific provisions of Rule 11." *Renaud*, 999 F.2d at 624. The minimum standard of information that a district court must personally impart to defendant is contained in Rule 11, but the rule also provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.P.

---

1. The government concedes that the appeal waiver contained in Birden's plea agreement does not apply because the court did not address the waiver during Birden's plea colloquy and defendant argues that his plea was not knowing and voluntary.

2. Although Birden argues to the contrary, · Judge Scullin did not err when he informed

Birden of the maximum possible sentence of 40 years imprisonment. Two offenses each involving less than five grams of crack could yield two 20–year maximum sentences, or a possible total of 40 years if the court imposed consecutive sentences. *See* 21 U.S.C. § 841(b)(1)(C).

11(h). Therefore, we will not overturn guilty pleas "when there has been a minor and technical violation of Rule 11 which amounts to harmless error." *Renaud,* 999 F.2d at 624 (quotation and citation omitted). Harmless error encompasses "such minor errors as a modest understatement of the maximum penalty, where the penalty actually imposed did not exceed the maximum as erroneously represented by the court." *Id.* at 624–25 (citations omitted).

■ We therefore strike a balance between requiring strict adherence to the provisions of Rule 11 and disregarding variances from the rule that do not affect defendant's substantial rights. In some cases, a combination of circumstances "tips the scale" in favor of vacating defendant's guilty plea even though one mistake standing alone could be harmless error. *See United States v. Ferrara,* 954 F.2d 103, 108 (2d Cir.1992); *see also United States v. Livorsi,* 180 F.3d 76, 82 (2d Cir.1999). In *Ferrara,* we vacated defendant's guilty plea where the district court failed to warn him that he had no right to withdraw his plea even if the court did not accept the plea agreement's sentencing recommendation, and the plea agreement itself was unclear regarding the government's sentencing recommendation. *See Ferrara,* 954 F.2d at 104–08. In *Livorsi,* we vacated defendant's guilty plea where the district court failed to give the same warning and also failed to ask defendant whether at the time of the plea he was under the influence of drugs or alcohol or in the ongoing care of a physician. *See Livorsi,* 180 F.3d at 82.

At issue in this case is the requirement of Rule 11 that the district court inform defendant of the "mandatory minimum penalty provided by law, if any." Fed. R.Crim.P. 11(c)(1). Looking to a different portion of Rule 11(c)(1), we have held that the error is harmless where a district court misinforms defendant of the potential term of incarceration and the actual sentence he receives is less than that stated during the plea allocution. *See United States v. Westcott,* 159 F.3d 107, 112–13 (2d Cir.1998), *cert. denied,* 525 U.S. 1084, 119 S.Ct. 831, 142 L.Ed.2d 688 (1999). In that case, the district court wrongly advised defendant of the *maximum* sentence at his plea allocution, and the error was harmless because, among other things, the court was "less troubled where as here the defendant ... finds himself in a somewhat better position than he expected from the allegedly mistaken allocution, than where a guilty plea puts the defendant in a worse position than the court previously told the defendant was possible." *Id.* at 113. We also were persuaded that the error was harmless because defendant "[d]espite ample opportunity," never sought to withdraw his plea, and the disparity between the Sentencing Guidelines range of which the court advised him and that to which the court ultimately subjected him was small. *Id.* at 112–13.

■ Both parties cite *Westcott* in support of their positions. Birden contends that his case is analogous to *Westcott* but distinguishes *Westcott* based on the fact that Birden did not know the correct range of Sentencing Guidelines or statutory penalties at the time of his plea. The government argues that like *Westcott,* the error here was harmless because the sentence that Birden ultimately received pursuant to the Sentencing Guidelines—57 months—was substantially the same as the five-year mandatory minimum sentence of which the court erroneously advised him. In order to prevail, defendant must show that the district court's error had an effect on his decision to plead guilty. *See Westcott,* 159 F.3d at 113. Birden argues that the court's mistake had an impact regardless of the actual sentence he received.

Among other things, Birden argues that his guilty plea may have hinged on a desire to cooperate with the government and potentially escape the mandatory minimum sentence by earning a Section 5K1.1 downward departure motion for substantial assistance to authorities. The government

responds that this argument lacks force because Birden's cooperation could have earned him a lower sentence even if a mandatory minimum did not apply. While the government's statement is true, it also is a fact of life under the Sentencing Guidelines that Section 5K1.1 motions are virtually the only mechanism for defendants to bypass statutory mandatory minimum sentences, and they provide a strong incentive for guilty pleas.[3] According to defendant, his ultimate failure to cooperate was based on misinformation from his attorney, and this apparent breakdown in the attorney-client relationship was the basis for Birden's June 23 letter request to withdraw his plea and obtain new counsel. The district court never responded to the letter in writing or in open court. The interplay between a common incentive to plead guilty, Birden's misunderstanding regarding cooperation, and the district court's errors and inaction create a troubling record of confusion.

We have previously rejected a Rule 11 challenge to a guilty plea based on the defendant's misunderstanding of its consequences, in part because the defendant did not attempt to withdraw the plea once his misunderstanding had been clarified. *See United States v. Basket*, 82 F.3d 44, 49 (2d Cir.1996); *see also Westcott*, 159 F.3d at 112–13. In the instant case, Birden did just that because after meeting with the government and realizing that he had misunderstood the implications of cooperation, he attempted to withdraw his plea. Apparently, no one noticed. If, as we explained in *Basket* and *Westcott*, the fact that a defendant does *not* attempt to withdraw his plea undermines his argument that the plea was not knowing and voluntary, then we are obliged to give due weight to the fact that the defendant in this case *did* attempt to withdraw his plea.

Birden also argues that if he knew no mandatory minimum applied to him, then he may have pursued other strategies regarding the indictment. One strategy he suggests is admitting to the drug sale in Count 2 but not to aiding and abetting the drug sale in Count 10 in order to lower the relevant drug quantity and thus lower his sentence. More importantly, Birden contends that his attorney did not seek applicable sentencing adjustments, such as for his minor or minimal role in the crime, because counsel believed the mandatory minimum sentence was inescapable. The government painstakingly rejects the merits of these strategies, but that is of no moment. What troubles us is that defense counsel labored under the misconception that a mandatory minimum applied up until the time of sentencing, even after receiving a correct PSR. Although Judge Scullin asked Birden at sentencing if he objected to the PSR and defendant said no, we cannot be sure that Birden understood the report's discussion of mandatory minimum sentences if his counsel did not. We need not speculate on what strategies defense counsel could have pursued on behalf of his client because counsel's misconception caused him to pursue none at all. Instead, we are left with the impression of sufficient confusion at sentencing to require a remand.

Finally, we note that Birden did not have a "specific opportunity" to withdraw his plea after the district court corrected its errors and defense counsel clarified his understanding of the possible sentence. *See Ferrara*, 954 F.2d at 107. At the sentencing hearing in this case, after he discussed the applicable Sentencing Guidelines minimum term of imprisonment, Judge Scullin asked Birden if he had anything to say and if he knew what the court should do. The district court did not ask Birden if he wanted to withdraw his guilty plea and did not acknowledge defendant's

---

3. Another provision of the Sentencing Guidelines that permits sentences below the statutory mandatory minimum is Section 5C1.2, commonly known as the "safety valve," which applies largely to non-violent first offenders. *See* U.S.S.G. § 5C1.2. Birden was ineligible for the safety valve because, among other things, he had a substantial criminal history.

June 23 request to do so. In some cases, the court's limited inquiry may have been sufficient. *See United States v. Taddeo,* 987 F.2d 139, 141 (2d Cir.1993) *(per curiam* ) (holding that although it would have been preferable for district court "to inquire expressly whether the defendant wishes to withdraw his plea, ... the court's final invitation for additional statements in the present case" was adequate). In light of the errors and confusion in this record, however, we hold that Birden did not have an adequate opportunity to withdraw his plea. The combination of circumstances tips the scales in favor of defendant. While any one of the alleged errors may have been harmless, in combination they cast doubt on whether Birden's guilty plea was knowing and voluntary.

## II. Alleged violation of Rule 11(f)

■ Birden next argues that the district court violated Rule 11(f) because it failed to make a sufficient inquiry into the factual basis for his guilty plea. Because we vacate Birden's judgment of conviction on other grounds, we address this argument only briefly, mindful that this issue might otherwise appear on remand. Rule 11(f) requires the district court to "place facts on the record at the time of the plea after an inquiry of the defendant, the government, or other available sources of information." *Andrades,* 169 F.3d at 134. The rule does not require the court to satisfy itself that a jury would return a guilty verdict but requires "the court to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher,* 108 F.3d 1513, 1524 (2d Cir.1997). According to Birden, the record at the time of his plea only shows that he was present during a drug sale and not that he aided and abetted the sale charged in count 10 of the indictment.

■ Count 10 concerned the sale of 2.85 grams of crack on December 18, 1998. During the plea allocution, the prosecutor provided the following factual basis for Birden's guilty plea to Count 10:

The evidence would further show that thereafter on December 18th of 1998 at 662 Bronson Street, a residence used by the defendant and others for distribution of cocaine base, that an undercover officer went there, that he met with a Robert Lewis, a Bobbie Harrison, the defendant, discussed the purchase of an eight ball, or one eighth of an ounce, of cocaine base for $250, that he handed the money over. That Mr. Birden and Mr. Harrison went to the rear of the apartment where it was learned that the drugs were stored, and that later the undercover officer was given a small quantity of cocaine base that laboratory tests showed to be approximately 2.85 grams of base. And the evidence would show that on both occasions the defendant knowingly, willfully and intentionally engaged in the conduct that I've just described.

Upon Judge Scullin's questioning, defendant said that the prosecutor's facts were correct, and Judge Scullin accepted the plea. On appeal, defendant argues that this factual basis is inadequate to show aiding and abetting a drug sale because it is unclear who gave the drugs to the officer. This argument is without merit. Aiding and abetting requires facts showing that the defendant "knowingly involved himself in a criminal act" and furthered the criminal act. *United States v. Nusraty,* 867 F.2d 759, 766 (2d Cir.1989). The facts recited during the plea allocution show that Birden knowingly involved himself in the drug sale by meeting with a purchaser and discussing the drug price and quantity. These acts alone furthered the crime, but the government also stated that Birden assisted in the retrieval and delivery of the drugs. This is not a case where defendant merely was present during a drug sale. *See id.* at 764, 766–67 (vacating conspiracy and substantive convictions because mere presence or association is insufficient to prove criminal knowledge).

We therefore reject Birden's Rule 11(f) challenge.

## CONCLUSION

For the forgoing reasons, we vacate the judgment of conviction and remand with instructions that Birden be given the opportunity to withdraw his plea of guilty and enter a new plea.