**UNITED STATES of America,**
**Appellee,**

v.

**Juana RIOS, Defendant–Appellant.**

No. 00–1066.

United States Court of Appeals,
Second Circuit.

April 10, 2002.

Michael A. Young, New York, NY, for Appellant.

Margo K. Brodie, Assistant United States Attorney; Cecil C. Scott, Assistant United States Attorney, of counsel, Loretta E. Lynch, United States Attorney, on the brief. Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present CALABRESI and CABRANES, Circuit Judges, PRESKA,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and is AFFIRMED.

Appellant Juana Rios and co-defendant Pedro Almante were charged in a two-count indictment with conspiracy to possess and distribute heroin and with possession with intent to distribute heroin. The quantity of drugs was not specified in the indictment, although the indictment referred to 21 U.S.C. § 841(b)(1)(B)(i), which prescribes the penalties for, *inter alia*, crimes involving 100 grams or more of heroin.

Rios eventually pleaded guilty to the conspiracy count pursuant to a plea agreement which also did not state the quantity of drugs involved in her crimes, but which, in advising Rios of the penalties she faced pursuant to the count, used the penalties applicable to a crime involving 100 grams or more of heroin. Those penalties include, *inter alia*, a minimum term of imprisonment of five years. The plea agreement estimated that, in the event Rios qualified for the safety valve reduction of U.S.S.G. §§ 2D1.1(b)(6) and 5C1.2, her Sentencing Guidelines range would be 41–51 months. Pursuant to the agreement, Rios waived her right to appeal a sentence including a term of imprisonment of 60 months or less.

At the Rule 11 plea proceeding, the District Court neither advised Rios that drug quantity was an element of the crime she was charged with nor determined that she understood that quantity was an element.

Rios was eventually sentenced to a term of imprisonment of 33 months.

On appeal, Rios argues that her plea was neither knowing nor voluntary because she was not advised that drug quantity was an element of her crime. She also contends that she is not precluded by the waiver in the plea agreement from pursuing this appeal. The Government does not seek to enforce Rios's waiver, and instead argues the merits.

Rios's claim is best described as a claim that the District Court did not sufficiently advise her of "the nature of the charge to which the plea is offered" pursuant to Fed. R.Crim.P. 11(c). *See, e.g., United States v. Calderon*, 243 F.3d 587, 589 (2d Cir .2001) ("The 'nature of the charge' [of Rule 11(c) ] refers to the elements of the offense....". Accordingly, the alleged error must be disregarded unless it affected her "substantial rights." *See* Fed.R.Crim.P. 11(h); *United States v. Harrison*, 241 F.3d 289, 293 (2d Cir.2001). Moreover, because Rios lodged no objection below, she bears the burden of establishing "plain error" pursuant to Fed.R.Crim.P. 52(b). *See United States v. Vonn*, —— U.S. ——, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002). Rios's claim fails because either there was no

* The Honorable Loretta A. Preska, United States District Judge for the Southern District of New York, sitting by designation.

error at all or because the error did not affect her substantial rights.

As noted above, the indictment did not charge a specific drug quantity. Accordingly, pursuant to the principles stated in *United States v. Thomas,* 274 F.3d 655 (2d Cir.2001) (*en banc*), Rios was, in effect, charged with a crime involving an unspecified drug quantity—i.e., a crime for which quantity is *not* an element of the offense. Accordingly, the District Court's failure to advise Rios that quantity was an element was not erroneous.

However, because Rios was not charged—*i.e.,* properly charged—with a crime involving at least 100 grams of heroin, it *was* error to advise her that she faced a sentence pursuant to 21 U.S.C. § 841(b)(1)(B)(i)—namely, "a term of imprisonment [of] not less than 5 years and not more than 40 years." Because the sentence Rios actually received was less than both the maximum and minimum sentences she was advised she faced, however, she "finds [her]self in a somewhat better position than [s]he expected from the allegedly mistaken plea allocution." *United States v. Wescott,* 159 F.3d 107, 112–13 (2d Cir.1998). Accordingly, she must show that "the misinformation mattered." *Id.* at 113. She has pointed to nothing in the record to suggest that it did, in fact, matter. Accordingly, her claim fails, because any error did not affect her substantial rights. *Cf. id* at 113–14. (rejecting a similar claim because there was nothing in the record to show that the misinformation mattered and because the defendant did not attempt to withdraw his plea after the misinformation was corrected).

Even if we were to assume that Rios had been charged with the crime involving 100 grams of heroin, but neither was advised that quantity was an element nor allocuted to quantity at her plea proceeding, her claim would fail. In *United States v. McLean,* 287 F.3d 127 (2d Cir.2002), we held that if a defendant is charged with a narcotics offense involving a threshhold drug quantity and chooses to plead guilty, but at the plea proceeding reserves the right to contest drug quantity, then the District Court may accept the plea for the lesser-included narcotics offense involving an unspecified drug quantity. *Id.* at 133. In this case, Rios's sentence was below the statutory maximum for that lesser-included offense. Thus, she cannot show that her rights were substantially prejudiced.