09-4129-cr
United States v. Vara-Davila

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand eleven.

PRESENT:   GUIDO CALABRESI,
                    RICHARD C. WESLEY,
                    GERARD E. LYNCH,
                                        *Circuit Judges.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,
                                        *Appellee*,

                    v.                                                              No. 09-4129-cr

JULIO CESAR VARA-DAVILA,
                                        *Defendant-Appellant.*

---------------------------------------------------------------------

FOR APPELLANT:          Tina Schneider, Law Office of Tina Schneider, Portland, ME.

FOR APPELLEE:           Edward R. Broton, Rajit S. Dosanjh, Assistant United States
                                    Attorneys, *for* Richard S. Hartunian, United States Attorney
                                    for the Northern District of New York, Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York

(Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Julio Cesar Vara-Davila, a citizen of Mexico, pleaded guilty to reentering the country illegally, see 8 U.S.C. § 1326(a) & (b)(2), and the district court sentenced him to 71 months' incarceration and three years' supervised release. He now appeals, contesting the validity of his plea and sentence. Because Vara-Davila raised none of his claims below, we review them only for plain error, meaning that we may reverse only if an error (1) is "plain," (2) harmed the defendant's "substantial rights," and (3) "'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" United States v. Vonn, 535 U.S. 55, 62-63 (2002), quoting United States v. Olano, 507 U.S. 725, 734 (1993); see Fed. R. Crim. P. 52(b). We conclude that Vara-Davila's claimed errors either were not "plain" or had no effect on his "substantial rights." We therefore affirm his conviction and sentence.

First, Vara-Davila argues that his plea lacked a factual basis. See Fed. R. Crim. P. 11(b)(3). At the change-of-plea hearing, he argues, he agreed to the government's statement that "he was here without consent of the Attorney General," even though the Homeland Security Act of 2002[1] effectively amended 8 U.S.C. § 1326(a) to require the consent of the Secretary of Homeland Security instead of the Attorney General, see 6 U.S.C. §§ 202(3)-(4), 557. But at that hearing the clerk also read – and Vara-Davila agreed to – the information against him, which stated that he had "not obtained the consent of the Department of Homeland Security" to reenter. This admission suffices to establish that element. See

---

[1] Pub. L. No. 107-296, 116 Stat. 2135 (2002).

United States v. McFadden, 238 F.3d 198, 200 (2d Cir. 2001). Moreover, the factual basis for the plea need not come from the defendant himself, but may be based on "any facts on the record at the time of the plea proceeding." United States v. Garcia, 587 F.3d 509, 514 (2d Cir. 2009). Here, had Vara-Davila raised this point below, the district court could have looked to the criminal complaint contained in the record, in which a federal agent swore that he had determined that Vara-Davila had neither sought nor obtained permission from either the Department of Homeland Security or the Attorney General. Given this evidence, and given that Vara-Davila provides no evidence that he would not have pleaded guilty had he understood the distinction between the Attorney General and the Secretary of Homeland Security, any alleged error could not have affected Vara-Davila's substantial rights.

Second, Vara-Davila mounts parallel attacks on the constitutionality of § 1326(a), which he argues is vague because its text still mentions only the Attorney General and does not cross-reference the Homeland Security Act, and on the Information in this case, which mentions only the Department of Homeland Security and therefore diverges from the text of § 1326(a). But Vara-Davila makes no argument that he sought the wrong agency's permission. To the contrary, at the plea hearing, he agreed that he sought the permission of *neither* the Attorney General *nor* the Department of Homeland Security. Any alleged problems with the statute or the Information, therefore, did not affect his substantial rights.

Third, Vara-Davila complains that, although the district court informed him during the plea colloquy that "[a]t . . . trial you would have the right to assistance of a lawyer," it did not inform him that he would also have the same right "at every other stage of the

3

proceeding," as required by Federal Rule of Criminal Procedure 11(b)(1)(D). This error too had no effect on Vara-Davila's substantial rights. Even before this hearing, the magistrate judge had already informed Vara-Davila that he had "a right to be represented by an attorney *at all stages of the proceedings.*" Moreover, Vara-Davila never attempted to withdraw his plea below, nor does he assert that he would not have entered it had the district court described the full extent of his right to counsel. Accordingly, Vara-Davila cannot "show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004).

Fourth, and finally, Vara-Davila argues that the district court failed to confirm, before imposing sentence, that the presentence report (PSR) was translated into Spanish so that he could read and understand it, and that this failure violated the Due Process Clause of the Fifth Amendment, the Court Interpreters Act, 28 U.S.C. §§ 1827, 1828, and Federal Rule of Criminal Procedure 32(i)(1)(A). But the record demonstrates that Vara-Davila had had a chance to read and understand the PSR. His counsel's presentence memorandum explained that counsel had "reviewed the United States Presentence Investigation Report (PSR) with Mr. Vara-Davila," and then went on to dispute allegations in the PSR for which only Vara-Davila himself, not his counsel, could have provided the factual background. At the sentencing hearing, in response to the court's inquiry, counsel affirmed that he had "had an opportunity to share" the PSR with Vara-Davila, and Vara-Davila, who was provided with an interpreter at that proceeding, did not dispute or object to this assertion. On this record, it was not plain error for the district court to conclude that Vara-Davila had received – in his

4

own language – all the information he needed about the PSR.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court