18-3253 (L)
United States v. Daquan Rice

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 5th day of May two thousand twenty.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                    *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                    *Appellee*,

             v.                                          18-3253, 18-3259

TAYLOR BOYD-WHITE, KEITH DELEE, AKA KIZZA,
CASSIUS GILREATH, AKA CASH,

                    *Defendants*,

             v.

DAQUAN RICE, AKA CHEEKS,

                    *Defendant-Appellant*.

---

Appearing for Appellant:     Laurence A. Wangerman, Baldwin & Wangerman, Syracuse, N.Y.

Appearing for Appellee:      Paul D. Silver, Assistant United States Attorney (Nicolas
                             Commandeur, Assistant United States Attorney, *on the brief*), *for*
                             Grant C. Jaquith, United States Attorney for the Northern District
                             of New York, Albany, N.Y.

Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter be and it hereby is **AFFIRMED**.

Defendant-Appellant Daquan Rice appeals from the October 22, 2018 judgment of conviction in the United States District Court for the Northern District of New York (Scullin, *J.*). The district court sentenced Rice principally to 140 months' imprisonment and 3 years' supervised release following guilty pleas related to two separate indictments. Pursuant to the first guilty plea, Rice was convicted of one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A; and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Pursuant to the second plea, Rice was convicted of one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Rice argues (1) that his convictions should be vacated because the district court conducted plea allocutions that ran afoul of Rule 11 of the Federal Rules of Criminal Procedure; and (2) that his sentence should have been reduced to account for the time he spent in state custody for violating his conditions of parole on a related conviction.

## I.     Rule 11

Rule 11 provides, in relevant part, that, "[b]efore the court accepts a plea of guilty[,] . . . the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands" fifteen enumerated aspects of the plea, including certain rights given up by the defendant, other rights that the defendant retains throughout the proceedings, the nature of the charges against him, and the penalties that could be imposed as a result of the guilty plea. Fed. R. Crim. P. 11(b)(1).

During Rice's two change-of-plea hearings, there is no doubt that the district court failed to personally inform Rice of every factor listed in Rule 11(b)(1). At the first plea hearing, for example, the district court failed to apprise Rice that he had "the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding." Fed. R. Crim. P. 11(b)(1)(D). At the second plea hearing, the district court neglected to advise Rice of his rights at trial "to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses." Fed. R. Crim. P. 11(b)(1)(E).

Because Rice did not object during these proceedings, we review any plea allocution deficiency for plain error. In *United States v. Vaval,* 404 F.3d 144 (2d Cir. 2005), we explained plain error review in the context of a Rule 11 violation:

> Plain error is: (i) error, that is (ii) plain, and (iii) affects substantial rights. Where these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. In the context of a Rule 11 violation, to show plain error, a defendant must establish that the violation affected substantial rights and that there is a reasonable probability that, but for the error, he would not have entered the plea.

*Id.* at 151 (internal quotation marks and citations omitted).

Rice has not alleged in this appeal that he would not have entered his guilty pleas absent the Rule 11 violations. Accordingly, he has failed to establish that the violation affected his substantial rights, and his argument challenging his plea allocutions therefore cannot succeed.

Although the district court's error does not require vacating Rice's guilty plea, we still must resort to an unfortunate but common refrain in this Circuit. Time and again we have reminded the district courts "to adhere strictly to Rule 11's requirements." *United States v. Pattee*, 820 F.3d 496, 503 (2d Cir. 2016). Indeed, the requirement for a district court to personally articulate to the defendant the aspects listed in Rule 11(b) "is not a difficult task." *Id.* Recently, our Court published an opinion that stressed our "increasing concern [with] the tendency of some courts within our Circuit to stray from rigorous compliance with the Rule, and even to adopt practices at odds with the Rule's explicit directives." *United States v. Lloyd*, 901 F.3d 111, 119 (2d Cir. 2018). In *Lloyd*, moreover, we explained why strict compliance with Rule 11 was necessary:

> A district court's Rule 11 obligations [] while seemingly routine, and comprised of exchanges that may appear rote, should not be casually discharged: they are a serious matter. Close and regular adherence to the Rule's demands bears heavily on the legitimacy of the plea-bargaining system as a whole, a system that in recent times has come to resolve the prosecutions of the vast majority of federal defendants.

*Lloyd*, 901 F.3d at 118-19.

Even more troubling here is the fact that this is not the first time a panel has instructed this district court judge about Rule 11's import. *See*, *e.g.*, *United States v. Harrison*, 241 F.3d 289 (2d Cir. 2001); *United States v. Andrades*, 169 F.3d 131 (2d Cir. 1999); *United States v. Chapman*, 101 F.3d 683 (2d Cir. 1996). We write to reemphasize our concern in part because these errors are easily avoided. And so again "[w]e urge the District Court in the strongest possible terms to take steps—by using a checklist, script, or other tool for conducting change-of-plea hearings, and reviewing its current practices—to ensure its regular and rigorous compliance

with Rule 11 and to avoid casting unnecessary doubt on the voluntary and knowing nature of the guilty pleas that it accepts." *Lloyd*, 901 F.3d at 121. In this case vacatur and remand would have been required but for the defendant's failure to assert that he wished to change his plea.

## II. Sentence

Rice also argues that the district court abused its discretion in denying his request for sentencing credit for time that he served in state custody on a related charge as a result of violating conditions of parole. A decision of the sentencing court not to downwardly to depart from the Guidelines is not reviewable unless the court misapprehended its authority or imposed a sentence that is otherwise illegal. *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005). Here, the district court properly recognized its authority to depart but declined to do so. Nor does Rice challenge the sentence as otherwise illegal. Accordingly, its decision is not reviewable on appeal and we decline to consider it.

We have considered the remainder of Rice's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4