23-7909-cr
*United States v. Spain*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                                23-7909-cr

ISAIAH SPAIN, AKA Q,

*Defendant-Appellant*.

---

FOR APPELLEE:                    Katherine A. Gregory, Assistant United States Attorney, *for* Michael DiGiacomo, Interim United States Attorney for the Western District of New York, Buffalo, New York.

FOR DEFENDANT-APPELLANT:          Brendan White, White & White, New York, New York.

Appeal from an amended judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court, entered on November 20, 2023, is **AFFIRMED**.

Defendant-Appellant Isaiah Spain appeals from the district court's amended judgment of conviction following his guilty plea to a one-count superseding information, charging him with conspiracy to possess with intent to distribute, and to distribute, ten grams or more of butyryl fentanyl, heroin, fentanyl, and furanyl fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). The conviction arose from Spain's participation, between 2016 and 2019, in a conspiracy to distribute narcotics—including heroin, fentanyl, butyryl fentanyl, and furanyl fentanyl—which resulted in a number of drug overdoses, two of which were fatal. On appeal, Spain argues that his guilty plea must be vacated because, during his guilty plea proceeding, the presiding magistrate judge failed to advise him of his right to appointed counsel, in violation of Federal Rule of Criminal Procedure 11(b)(1)(D).[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

On January 23, 2023, during Spain's guilty plea proceeding, the magistrate judge asked Spain a series of questions, pursuant to Rule 11, to determine whether the court should accept his guilty plea, including whether Spain understood that he was "entitled to be represented at all stages of this case[,] including the trial[,] by an attorney." App'x at 96. It is uncontested that the

---

[1] Pursuant to Rule 11(b)(1)(D), "the court must inform the defendant of, and determine that the defendant understands, . . . [his] right to be represented by counsel—and if necessary[,] have the court appoint counsel—at trial and at every other stage of the proceeding."

2

magistrate judge did not inform Spain at this plea proceeding that he had a right to appointed counsel if he could not afford to retain an attorney on his own. At the conclusion of the proceeding, the magistrate judge found that Spain's plea of guilty to the superseding information was knowing and voluntary and recommended that the district court accept the plea. The district court subsequently accepted the guilty plea and sentenced Spain principally to 250 months' imprisonment, consistent with the terms of the plea agreement entered into by the parties pursuant to Rule 11(c)(1)(C). This appeal followed.

We review a challenge to a conviction on the grounds that a district court allegedly failed to comply with Rule 11 for plain error where, like here, the defendant did not raise an objection to the district court. *See United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006). To demonstrate plain error, a defendant must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant]'s substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019). A Rule 11 violation affects a defendant's substantial rights where "there is 'a reasonable probability that, but for the error, he would not have entered the plea.'" *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)). In other words, a defendant must demonstrate that "the district court's error had an effect on his decision to plead guilty." *United States v. Harrison*, 241 F.3d 289, 293 (2d Cir. 2001). Moreover, "an appellate court conducting plain-error review may consider the *entire* record—not just the record from the *particular proceeding* where the error occurred." *Greer v. United States*, 593 U.S. 503, 511 (2021).

Spain contends that, although the magistrate judge informed him of his right to counsel during the guilty plea proceeding, the magistrate judge nevertheless plainly erred by not advising

3

him of his right to *appointed* counsel, in violation of Rule 11(b)(1)(D). More specifically, Spain argues that the prolonged plea negotiation process, which took several years, and the seriousness of the charges he faced indicated that there was a reasonable probability that he would have gone to trial, but because neither he nor his family could continue to pay for retained counsel, he chose to enter into the plea deal. Thus, Spain asserts that, had the magistrate judge reminded him of his right to appointed counsel at the guilty plea proceeding, he would not have entered his guilty plea, and instead would have gone to trial. We find these arguments unpersuasive.

As an initial matter, because the record indicates that, long before his guilty plea proceeding, Spain was aware that he was entitled to counsel at all stages of his case and to appointed counsel if he could not afford to hire an attorney, there is no reasonable probability that the magistrate judge's failure to remind him of that right at the guilty plea proceeding affected his decision to plead guilty. In particular, at his initial appearance and arraignment on April 5, 2019, in connection with the thirteen-count indictment filed against him, the magistrate judge advised Spain that he had "the right to be represented at all stages of this case by an attorney," and that he had "the right to hire an attorney of [his] choice," but if he could not afford to hire one, "the Court [would] assign an attorney to represent [him], and the cost for that legal service [would] be paid by the taxpayers of this country." App'x at 27. The magistrate judge also determined that, after reviewing Spain's financial affidavit and engaging in a colloquy with him, Spain qualified for court-appointed counsel and, as a result, appointed an assistant federal defender to represent Spain in this case. The appointed assistant federal defender represented Spain from the date of the arraignment until June 2019, when Spain's retained counsel took over the representation. This Court has previously found that, when facts similar to those at issue here are present, district courts do not commit plain error during a guilty plea proceeding by not fully advising a defendant

4

regarding his right to counsel because in those cases the defendant's prior knowledge of that right undermined a contention that such an omission affected the defendant's plea decision. *See, e.g., United States v. Pattee*, 820 F.3d 496, 505–06 (2d Cir. 2016) (finding no plain error for failing to advise defendant during a guilty plea proceeding that the right to counsel applied at every stage of the proceeding, where defendant was represented by retained counsel throughout the proceeding, was informed of his right to counsel, including appointed counsel, at his arraignment, and had completed a financial affidavit for purposes of assessing whether he qualified for appointed counsel); *see also United States v. Henderson*, 827 F. App'x 105, 107 (2d Cir. 2020) (summary order) (finding no plain error for failing to advise defendant of his right to appointed counsel during a guilty plea proceeding where defendant previously was informed "a lawyer would be appointed for him if he could not afford one" and defendant was represented by appointed counsel); *United States v. Vara-Davila*, 410 F. App'x 395, 397 (2d Cir. 2011) (summary order) (finding no plain error in failing to advise defendant, during his plea colloquy, that he would have the right to assistance of counsel at every stage of the proceeding because the magistrate judge had advised him of that right at a prior proceeding).

Moreover, even assuming *arguendo* Spain did not remember that the magistrate judge had previously advised him of his right to appointed counsel at every stage of the case (and had appointed counsel for him for several months), he still has not demonstrated that the magistrate judge's failure to remind him during the guilty plea proceeding that he was entitled to appointed counsel affected his decision to plead guilty. *See Harrison*, 241 F.3d at 293. As for his contention that the plea negotiation process and seriousness of the charges made it reasonably probable that he would go to trial, that argument is undermined by the fact that Spain ultimately pleaded guilty to a one-count superseding information for drug conspiracy, and by doing so, avoided the

5

possibility that he would be convicted at trial of the eighteen counts charged in the superseding indictment filed in April 2022. As the district court noted during sentencing, had Spain been convicted of those charges, which included more serious counts for a drug conspiracy that resulted in serious bodily injury or death, he likely would have faced a more severe sentence than what he agreed to in his Rule 11(c)(1)(C) plea, which had a range of 216 to 264 months' imprisonment. For example, if convicted of all counts in the superseding indictment, Spain faced not only a mandatory minimum of 240 months' imprisonment for causing the death of other individuals from his distribution of narcotics, but also a substantially higher Sentencing Guidelines range. Thus, his plea agreement both provided him with the possibility of receiving a sentence of less than 240 months and reduced his potential exposure to a significantly higher sentence based upon the Guidelines.

Finally, we find Spain's claim that he pleaded guilty because neither he nor his family could afford trial counsel similarly unavailing. Spain argues that the fact that he has proceeded on appeal with appointed counsel "strongly supports the conclusion" that the inability to afford a lawyer was a "determining factor in the decision to accept a plea deal." Appellant's Br. at 27–28. However, Spain retained counsel for the majority of this case, despite being qualified for, and in fact previously receiving, appointed counsel, and he has identified no evidence in the record to indicate that he could not have continued with retained counsel at trial, or to otherwise support his claim that financial hardship caused him to take the guilty plea. These conclusory assertions, made only in Spain's appellate brief, are insufficient to demonstrate plain error. *See Pattee*, 820 F.3d at 505 (concluding that defendant had not established plain error where he offered no evidence in support of his Rule 11 claim other than a "bare assertion that the errors in the plea allocution affected his decision to plead guilty").

In sum, we conclude that the magistrate judge did not commit plain error because Spain failed to show that, if the magistrate judge had explicitly advised him during his guilty plea proceeding that he was entitled to appointed counsel at every stage of the criminal proceeding, "there is a reasonable probability that . . . he would not have entered the plea." *Vaval*, 404 F.3d at 151 (internal quotation marks and citation omitted).

*       *       *

We have considered Spain's remaining arguments and conclude that they are without merit. Accordingly, the amended judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court